Manuel Gonzalez MEJORADA, Appellant,

v.

Ramoncita Esparza GONZALEZ, Appellee.

No. 04–82–00210–CV.

Court of Appeals of Texas, San Antonio.

Dec. 21, 1983.

Richard G. Morales, Jr., Alejandro E. Villarreal, III, Person, Whitworth, Ramos, Borchers & Morales, Laredo, for appellant.

Richard N. Hansen, Horace C. Hall, III, Laredo, Mark S. Helmke, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal from the district court's dismissal for lack of jurisdiction over a suit for conversion of assets of an estate.

Appellant, the administrator of the estate, sued appellee in district court for conversion of a certificate of deposit claimed by the estate, and alternatively, for imposition of a constructive trust on the proceeds of that certificate. The district court dismissed without prejudice for want of jurisdiction. The court held the action was within the exclusive jurisdiction of the Webb constitutional county court or of the Webb County Court at Law.

We reverse the dismissal on grounds that the district court alone can supply appellant the full relief he requests, namely the imposition of a constructive trust.

Appellant, Manuel Mejorada, alleges the following facts in his petition. Rafael Carranza had caused a certificate of deposit to be issued in his own name and that of appellee, Ramoncita Gonzalez. Neither the certificate nor the signature card mentioned survivorship rights. After Carranza died intestate, a check for the amount in the certificate was made out to Gonzalez, who transferred the money to Alamo National Bank of San Antonio. Appellant as administrator of Carranza's estate filed suit in district court to recover the amount from Gonzalez.

The district court found as facts the following. Appellant had been named administrator of Carranza's estate in a Mexican court where estate administration proceedings were still pending. By virtue of having been named administrator by the Mexican court, appellant was granted letters of ancillary administration by the Webb County Constitutional County Court, where the ancillary administration was still pending. Prior to his death, the decedent and Gonzalez were common law husband and wife.

TEX. CONST. art. V, § 8 (Vernon Supp. 1982–1983), gives the district court, concurrently with the county court, the general jurisdiction of a probate court. The same section of the Constitution gives the legislature the power to increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters. The same section gives the district court general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or the Constitution.

Appellee's contention below and here is that the legislature, with the above authority, amended TEX.PROB.CODE ANN. § 5(c) (Vernon 1980) so as to divest the district court of probate jurisdiction in counties with a county court at law (such as Webb County). Further, the legislature, in TEX.PROB.CODE ANN. § 5(d) (Vernon 1980), gave the county court power to hear all matters "incident to an estate." Therefore, appellee urges, the county court and not the district court has exclusive jurisdiction over the subject matter of this action.

The amendments to the Constitution and the Probate Code did have the effect of broadening the jurisdiction of courts hearing probate matters, but they did not take away the jurisdiction of the district courts. This is particularly true in a matter involving a request to impose a constructive trust upon the assets of an estate. *Canada v. Ezer,* 584 S.W.2d 568, 569 (Tex.Civ.App.—

Houston [14th Dist.] 1979, no writ); *Gordy v. Alexander,* 550 S.W.2d 146, 148 (Tex.Civ. App.—Amarillo 1977, writ ref'd n.r.e.).

TEX.PROB.CODE ANN. § 5A(a) and (b) (Vernon 1980) define what is included in the phrase "incident to an estate." Subsection (a) sets out what is included in the phrase when the proceedings are in constitutional county courts and statutory county courts at law. Subsection (b) sets out what is included in the phrase when the proceedings are in statutory probate courts and district courts. The definitions are virtually identical except that the language "the interpretation and administration of testamentary trusts and the applying of constructive trust" is only found in the subsection (b) applying to statutory probate courts and district courts. The obvious intent of the legislature was to avoid the possibility of a non-lawyer county judge being faced with deciding questions of the law of trusts by withholding jurisdiction over that subject matter. The district court has such jurisdiction under the Constitution and Probate Code.

Where it appeared from the pleadings that the suit involved issues for which the jurisdiction of the county court was inadequate to grant the relief sought, the district court should have exercised its jurisdiction. *Griggs v. Brewster,* 122 Tex. 588, 62 S.W.2d 980, 985 (1933).

The ruling of the trial court dismissing the suit is, therefore, overruled, and the case is remanded to the district court for further proceedings.