**Lee Ann Vargas RAGLAND, Appellant,**

v.

**Jerry Cline RAGLAND, Administrator of the Estate of Stephen Blake Ragland, and Individually, et al., Appellees.**

No. 10–87–062–CV.

Court of Appeals of Texas, Waco.

Dec. 31, 1987.

Craig S. Lundquist, Staff Counsel for Inmates, Huntsville, for appellant.

Tim Rudolph, Glen Rose, for appellees.

OPINION

THOMAS, Justice.

The constitutional county court of Somervell County imposed a constructive trust on the funds in a profit-sharing plan to prevent a common-law wife from unjustly enriching herself by murdering her husband. The judgment will be reversed because only a statutory probate court or a district court can impose a constructive trust.

Lee Ann Ragland was convicted of murdering her common-law husband, Stephen Ragland, and sentenced to forty years in prison. Marine Drilling Company, her husband's employer, deposited $2,313.64 by interpleader in the constitutional county court of Somervell County in the proceeding administering his estate. The funds were from a profit-sharing plan and represented contributions Ragland had made from his salary and the company's matching contributions. He had named Lee Ann Ragland as beneficiary of the funds in the

event of his death. However, the court concluded that she was not entitled to receive any of the funds because she had voluntarily and wrongfully caused her husband's death. Consequently, it awarded one-half of the funds to Ragland's estate and one-half to Lee Ann Ragland, impressed with a constructive trust in favor of the estate. Lee Ann Ragland argues under a single point that the court erred when it impressed a constructive trust on her one-half community interest in the funds and that, in any event, only a district court could impose a constructive trust on her husband's one-half interest.

 A constructive trust may be imposed upon the property of a deceased to prevent the beneficiary, who wilfully and wrongfully caused the decedent's death, from profiting from his own wrong. *See Bounds v. Caudle,* 560 S.W.2d 925, 928 (Tex.1977). Section 5A(a) of the Probate Code defines the terms "appertaining to estates" and "incident to an estate" as they relate to the probate jurisdiction of the constitutional county court and statutory county court at law. *See* Tex.Prob.Code Ann. § 5A(a) (Vernon 1980). These terms are defined for purposes of the probate jurisdiction of a statutory probate court or district court in section 5A(b). *See id.* at § 5A(b) (Vernon Supp.1987). The definitions in the two subsections are virtually identical, except that the legislature omitted any reference to constructive trusts in subsection (a) and expressly gave the statutory probate court or district court jurisdiction to apply constructive trusts in subsection (b). *See id.* at § 5A(a) (Vernon 1980), (b) (Vernon Supp.1987).

Legislative intent can be inferred from the absence or presence of a particular provision in a statute. *See Freels v. Walker,* 120 Tex. 291, 26 S.W.2d 627, 630 (1930). Considering the express reference to constructive trusts in subsection (b) and the absence of such an express reference in subsection (a), one can reasonably infer that the legislature must have intended to limit jurisdiction to impose a constructive trust to either the statutory probate court or district court. Accordingly, the constitutional county court of Somervell County exceeded its jurisdiction when it purported to impose a constructive trust in favor of the estate. *See Mejorada v. Gonzalez,* 663 S.W.2d 891, 892 (Tex.App. —San Antonio 1983, no writ).

■ Furthermore, Ragland's estate concedes on appeal that the funds were community property and, for that reason, the court could apply a constructive trust only on the one-half interest which Lee Ann Ragland would have otherwise inherited from her husband under the laws of descent and distribution. Section 41(d) of the Probate Code provides that a conviction cannot work a forfeiture of the criminal's estate. *See* Tex.Prob.Code Ann. § 41(d) (Vernon 1980). Thus, a constructive trust cannot be used to deprive a murderer of property lawfully acquired by him, but merely to prevent him from acquiring a beneficial interest from his unlawful act. *See Ford v. Long,* 713 S.W.2d 798, 799 (Tex.App.—Tyler 1986, writ ref'd n.r.e.). Therefore, the court could not impose a constructive trust on the community interest already vested in Lee Ann Ragland, but only on the one-half interest she would have inherited from her husband as a result of her wrongful act.

The judgment is reversed and the cause is remanded for further proceedings under section 5A(b) of the Texas Probate Code. *See* Tex.Prob.Code Ann. § 5A(b) (Vernon Supp.1987).