**Thomas M. QUALIA and John Qualia, Appellants,**

v.

**Robert QUALIA, Independent Executor of The Estate of Kathleen G. Qualia, Deceased, Appellee.**

**No. 04–93–00697–CV.**

Court of Appeals of Texas, San Antonio.

June 15, 1994.

James L. Drought and P. Jeffery Nanney, Drought & Pipkin, L.L.P., San Antonio, for appellants.

A.W. Worthy, Moulton S. Dowler, Jr., and Samuel B. Bayless, Gresham, Davis, Gregory, Worthy & Moore, P.C., San Antonio, for appellee.

Before CHAPA, C.J., and RICKHOFF and STONE, JJ.

## OPINION

CHAPA, Chief Justice.

### ON APPELLEE'S MOTION FOR REHEARING

Appellee's motion for rehearing is denied. The opinion of April 27, 1994 is withdrawn, and the following is substituted.

Appellants Thomas M. Qualia and John Qualia appeal a summary judgment granted in favor of appellees Robert Qualia, individually and as independent executor of the estate of Kathleen G. Qualia.

Kathleen G. Qualia died testate, and an application to probate her will was filed in the County Court of Val Verde County. Appellee was appointed independent executor of the estate. An order was entered discharging appellee and closing the estate. Because of alleged irregularities, appellants filed a motion to reopen the estate and for an accounting after the cause was transferred to the County Court at Law[1] of Val Verde County. The motion was granted for a period of sixty days. However, at the end of the sixty day period, the estate was again closed on May 7, 1989 by operation of law.

On May 24, 1989, appellants filed a suit in the 63rd Judicial District Court of Val Verde County alleging mismanagement of estate assets, breach of fiduciary duty, tortious interference with appellants' inheritance rights, and conversion and seeking imposition of a constructive trust against appellee individually and as independent executor of the estate. The trial court granted final summary judgment in favor of appellee on the specific grounds that "the Court ... lacks jurisdiction in this matter." It is from this judgment that this appeal is taken.

The standards for reviewing summary judgments are well settled. They are as follows:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Goswami v. Metropolitan Savs. and Loan Ass'n*, 751 S.W.2d 487, 491 (Tex.1988).

■ Summary judgment cannot be granted to a party that does not properly move for it by motion. *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984). The defendant movant for summary judgment has the burden of showing as a matter of law that no material issue of fact exists as to all of the plaintiff's causes of action. *Town North Nat'l Bank v. Broaddus*, 569 S.W.2d 489, 494 (Tex.1978); *see also City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex.1988) (holding that a motion for summary judgment must expressly dispose of all issues presented in a suit). Motions for summary judgment "stand or fall on the grounds *specifically* set forth in the motion(s)." *Ortiz v. Spann*, 671 S.W.2d 909, 914 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.) (emphasis added). The Texas Supreme Court has indicated the urgency of specificity in motions for summary judgments:

It is axiomatic that one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. In *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979), we wrote, "The movant ... must establish his entitlement to a summary judgment on the issues *expressly presented* to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law." (emphasis added).

Because [appellee] moved for summary judgment on only one of [appellant's] four causes of action, the court of appeals' affirmation of this judgment was improper as to the other causes of action alleged by [appellant]. [Citations omitted.]

---

1. The appellants contend and the appellee does not contradict that the Val Verde County Court and the Val Verde County Court at Law are not statutory probate courts. We will therefore accept the statements as true. Tex.R.App.P. 74(f).

*Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983) (emphasis in original).

> A summary judgment, unlike a judgment signed after a trial on the merits, is presumed to dispose of only those issues *expressly presented,* not all issues in the case. A summary judgment that fails to dispose *expressly* of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court; in the absence of an order of severance, the party against whom an interlocutory summary judgment has been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues. *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984).

*City of Beaumont,* 751 S.W.2d at 492 (emphasis added) (remaining citations omitted).

■ Further, the supreme court has stated "when a trial court grants summary judgment on a specific ground, this Court's practice is to 'limit our consideration to the grounds upon which summary judgment was granted....'" *State Farm Fire & Casualty Co. v. S.S. & G.W.,* 858 S.W.2d 374, 380 (Tex.1993). Although we recognize that *S.S. & G.W.* was a plurality opinion, the contention stated by the concurring and dissenting justices that other summary judgment grounds could be considered, was not supported by the most recent controlling case law.[2] Consequently, in determining whether the summary judgment was properly granted, we will consider only whether the district court had jurisdiction in the matter.

■ A district court, concurrent with the county court, is vested with the general jurisdiction of a probate court under article V, section 8, of the Texas Constitution. While sections 5(c) and 5(d) of the Texas Probate Code "broaden[ed] the jurisdiction of the courts hearing probate matters, ... they did not take away the jurisdiction of the district courts ... [and] [t]his is particularly true in matters involving a request to impose a constructive trust upon the assets of an estate. *Canada v. Ezer,* 584 S.W.2d 568, 569 (Tex. Civ.App.—Houston [14th Dist.] 1979, no writ); *Gordy v. Alexander,* 550 S.W.2d 146, 148 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.)." *Mejorada v. Gonzalez,* 663 S.W.2d 891, 892–93 (Tex.App.—San Antonio 1983, no writ).

While section 5(d) of the Texas Probate Code gives the county court power to hear all matters "incident to an estate," sections 5A(a) and 5A(b) of the Probate Code define what is included in the phrase "incident to an estate." *Mejorada,* 663 S.W.2d at 893. It is clear from the definitions of sections 5A(a) and 5A(b) that the language "the interpretation and administration of testamentary trusts and the applying of constructive trusts" only applies to statutory probate courts and district courts and not to other county courts. *Id.* at 893. Further, where "[t]he record does not reveal that any probate proceeding was taking place or pending at the time the instant suit [is] filed, ... sec. 5 of the Probate Code dealing with matters incident to an estate does not come into play." *Sumaruk v. Todd,* 560 S.W.2d 141, 144 (Tex.Civ.App.—Tyler 1977, no writ).

Moreover, the Texas Property Code gives district courts (and certain statutory probate courts) exclusive jurisdiction in suits involving trusts. Section 115.001 provides:

> (a) Except as provided by Subsection (d) of this section, *a district court has original and exclusive jurisdiction over all proceedings concerning trusts,* including proceedings to:

---

2. *See State v. Flag–Redfern Oil Co.,* 852 S.W.2d 480, 484 n. 6 (Tex.1993) (requiring remand to consider alternative summary judgment grounds); *Delaney v. University of Houston,* 835 S.W.2d 56, 58 (Tex.1992) (limiting consideration only to grounds upon which summary judgment was granted), *Delaney,* 835 S.W.2d at 62 (Doggett, J., concurring) (allowing only for consideration of grounds specified in the summary judgment order). Justice Gonzalez, in his dissenting opinion in *S.S. & G.W.* cites only to cases showing confusion in the appellate courts over whether alternative grounds can be considered. 858 S.W.2d at 384. The only other authority used to contend that the alternative grounds should be considered is Texas Rule of Appellate Procedure 81(c), granting the appellate court authority to "render such judgment or decree as the court below should have rendered." *Id.*

(1) construe a trust instrument:

(2) determine the law applicable to a trust instrument ...

(4) determine the powers, responsibilities, duties, and liability of a trustee;

(5) ascertain beneficiaries;

(6) make determinations of fact affecting the administration, distribution, or duration of a trust;

(7) determine a question arising in the administration or distribution of a trust

. . . .

(d) *The jurisdiction of the district court over proceedings concerning trusts is exclusive except for jurisdiction conferred by law on a statutory probate court.*

Tex.Prop.Code Ann. § 115.001 (Vernon 1984) (emphasis added).

In *Mejorada v. Gonzalez,* this court was presented with an almost identical situation. A lawsuit was filed in the district court alleging conversion and requesting the imposition of a constructive trust in an action involving the assets of an estate. The district court dismissed the suit for lack of jurisdiction. This court reversed, holding that the district court had jurisdiction even though the administration of the estate was still pending. We stated, "Where it appeared from the pleadings that the suit involved issues for which the jurisdiction of the county court was inadequate to grant the relief sought [constructive trust], the district court should have exercised its jurisdiction. *Griggs v. Brewster,* 122 Tex. 588, 62 S.W.2d 980, 985 (1933)." *Mejorada,* 663 S.W.2d at 893.

Here, the pleadings involve the issues of conversion and the imposition of a constructive trust in an action involving an estate. *See id.* at 893. Further, there was no probate proceeding taking place or pending at the time this suit was filed in the district court. *Sumaruk,* 560 S.W.2d at 144. The point is sustained.

Since we have determined that only the specified grounds for summary judgment should be considered, we will not address the alternative grounds for upholding the judgment presented by appellee. *See S.S. & G.W.,* 858 S.W.2d at 380.

The judgment is reversed and remanded for trial.