**Lloyd R. ENAX, Appellant,**

v.

**Verna Lois NOACK, Independent Executrix of the Estate of Hilda Enax, Deceased, Appellee.**

No. 01–98–00265–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 31, 2000.

---

Warren Conner, Sealy, Deborah Heaton McElvaney, Houston, for appellant.

Steven C. Haley, Tom Bartley, Brenham, for appellee.

Panel consists of Justice WILSON, ANDELL, and TAFT.

## OPINION

DAVIE L. WILSON, Justice.

The primary issues on appeal are (1) whether the county court at law may impose a constructive trust in a guardianship proceeding and (2) whether the county court at law may transfer the case to the district court for rendition of judgment when the ward dies after the jury reaches its verdict, but before a final judgment is signed. We reverse in part and affirm in part.

### Facts

Lloyd Enax is Hilda Enax's son. Hilda developed Alzheimer's disease in the late 1980s, and Lloyd assumed care of Hilda when she became a widow in 1989. In October 1990, Lloyd sold Hilda's home in Spring and bought a new home for her in Brenham, near his home. Hilda lived in the Brenham home until April 1996, when she was moved to a nursing home. Lloyd then sold the Brenham home. During this time, Lloyd allowed his property to become commingled with Hilda's property.

In February 1996, Lloyd applied and was appointed guardian of Hilda's person and estate. In August 1996, Hilda's granddaughter, Lori Noack–May, filed an application to revoke Lloyd's guardianship and to be appointed as the successor guardian. On August 27, 1996, the county court at law removed Lloyd as guardian, appointed Lori as successor guardian, temporarily restrained Lloyd from spending any proceeds from the sale of Hilda's

house, and froze Lloyd's bank account. The county court at law later issued a temporary injunction incorporating the terms of the temporary restraining order. In September 1996, Lori, as successor guardian, sued Lloyd to recover Hilda's property under theories of negligence, fraud, negligent misrepresentation, and breach of fiduciary duty. Lori also asked the court to impose a constructive and resulting trust.

After a question arose concerning a conflict of interest, the county court at law appointed Hilda's daughter, Sheila Enax, as guardian, and Sheila became the plaintiff in the suit against Lloyd. Before the case came to trial, the county court at law ordered Lloyd to turn all of Hilda's property over to Sheila and to make a final accounting of his administration as guardian. Lloyd never complied.

The case was tried to a jury in February 1997. The jury returned a verdict for Sheila, awarding $191,989.65 in actual damages and $216,989.65 in exemplary damages and imposing a constructive trust on Lloyd for $141,989.65. On February 26, 1997, the county court at law rendered judgment on the verdict. In March 1997, the county court at law dissolved the temporary injunction.

Lloyd timely filed a motion for new trial and a motion to modify the judgment. On May 13, 1997, the county court at law signed an amended *interlocutory* judgment, which in part reduced the actual damages by $5,000.00. The judgment was made interlocutory to allow an appraisal of real estate owned by Lloyd that would be subject to the constructive trust.

Hilda died on June 21, 1997, before the county court at law signed an amended final judgment. In August 1997, Verna

Lois Noack was appointed as the executrix of Hilda's estate, and the county court at law allowed her to substitute as the plaintiff. On October 9, 1997, the county court at law transferred the case to the district court with the district court's permission. On December 30, 1997, the district court signed a final amended judgment, awarding $186,989.65 in actual damages and $216,989.65 in exemplary damages and imposing a constructive trust on Lloyd for $141,989.65.

## Discussion

### Authority of County Court at Law to Impose Constructive Trust

■ In point of error one, Lloyd brings an issue of first impression, contending the county court at law lacked subject-matter jurisdiction to impose a constructive trust in a guardianship proceeding.[1] Relying on cases holding that only statutory probate courts and district courts may impose constructive trusts in *probate* proceedings, Lloyd argues that the county court at law had no authority to impose a constructive trust in a *guardianship* proceeding. We disagree.

■ Both Lloyd and Verna agree that in probate proceedings the constitutional county courts and the statutory county courts at law have no authority to employ the equitable remedy of imposing a constructive trust. *See Qualia v. Qualia*, 878 S.W.2d 339, 341 (Tex.App.—San Antonio 1994, writ denied); *Green v. Watson*, 860 S.W.2d 238, 243–44 (Tex.App.—Austin 1993, no writ); *Ragland v. Ragland*, 743 S.W.2d 758, 759 (Tex.App.—Waco 1987, no writ); *Mejorada v. Gonzalez*, 663 S.W.2d 891, 892–93 (Tex.App.—San Antonio 1983, no writ). The rationale behind these deci-

---

1. In his brief, Lloyd contends the county court at law lacked *subject-matter jurisdiction* to impose a constructive trust. The Texas Supreme Court has recently overruled prior caselaw in which a party's failure to comply with all the requirements of a statutory cause of action is treated as a jurisdictional matter. *See Dubai Petroleum Co. v. Kazi*, 43 Tex. Sup. Ct. J. 246, 247–49 (Jan. 6, 2000). Accordingly, we will consider Lloyd's claims that the court has no subject-matter jurisdiction as claims that the court had no statutory authority to act as it did.

sions is based on an interpretation of Probate Code section 5A:

| Constitutional County Court and Statutory County Court at Law | Statutory Probate Court and District Court |
| --- | --- |
| § 5A. Matters Appertaining and Incident to an Estate and Other Probate Court Jurisdiction | § 5A. Matters Appertaining and Incident to an Estate and Other Probate Court Jurisdiction |
| (a) In proceedings in the constitutional county courts and statutory county courts at law, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, | (b) In proceedings in the statutory probate courts and districts courts, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, |
| the issuance of letters testamentary and of administration, | the issuance of letters testamentary and of administration, and |
| the determination of heirship, | the determination of heirship, |
| and also include, but are not limited to, | and also include, but are not limited to, |
| all claims by or against an estate, | all claims by or against an estate, |
| all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, | all actions for trial of title to land and for the enforcement of liens thereon, |
| all actions for trial of the right of property incident to an estate, | all actions for trial of the right of property, |
| and actions to construe wills, and | all actions to construe wills, |
|  | the interpretation and administration of testamentary trusts and the applying of constructive trusts, and |
| generally all matters relating to the settlement, partition, and distribution of estates of deceased persons. | generally all matters relating to the settlement, partition, and distribution of estates of deceased persons. |

TEX. PROB.CODE ANN. § 5A(a), (b) (Vernon Supp.2000) (emphasis added). Because the legislature has given specific authority to the statutory probate courts and district courts over "all actions to construe wills, the interpretation and administration of testamentary trusts and *the applying of constructive trusts*," the above cited cases interpreted this specific grant of authority to deny the constitutional county courts and statutory county courts at law the authority to impose constructive trusts. *Qualia*, 878 S.W.2d at 341; *Green*, 860

2. We do not agree with the portion of *Qualia* opinion that cites Property Code section 115.001—defining the district court's exclusive jurisdiction over trusts—to the extent that the opinion implies section 115.001 addresses constructive trusts, because Property Code section 111.003 specifically excludes con-

S.W.2d at 243–44; *Ragland,* 743 S.W.2d at 759; *Mejorada,* 663 S.W.2d at 892–93. We agree with this interpretation of section 5A.[2]

Before 1993, section 5A applied to both probate and guardianship proceedings. *See* Act of May 23, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4163. In 1993, the legislature rewrote the guardianship laws and separated them into a new chapter XIII of the Probate Code. *See* Act of May 30, 1993, 73d Leg., R.S., ch. 957, § 1, 1993 Tex. Gen. Laws 4081, 4081 (TEX. PROB.CODE ANN. §§ 601–892, since amended). As a part of the 1993 revision, guardianship provisions have been removed from section 5A and "mirrored" in a new section 607:

CONSTITUTIONAL COUNTY COURT AND STATUTORY

COUNTY COURT AT LAW PROVISIONS

| Probate | Guardianship |
| --- | --- |
| § 5A. Matters Appertaining and Incident to an Estate and Other Probate Court Jurisdiction | § 607. Matters Appertaining and Incident to an Estate |
| (a) In proceedings in the constitutional county courts and statutory county courts at law, the phrases "appertaining to estates" and "incident to an estate" in this Code include | (a) In a proceeding in a constitutional county court or a statutory county court at law, the phrases "appertaining to estates" and "incident to an estate" in this chapter include |
| the probate of wills, | the appointment of guardians, |
| the issuance of letters testamentary and of administration, | the issuance of letters of guardianship, |
| the determination of heirship, and |  |
| also include, but are not limited to, |  |
| all claims by or against an estate, | a claim by or against a guardianship estate, |
| all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, | all actions for trial of title to land incident to a guardianship estate and for the enforcement of liens incident to a guardianship estate, |
| *all actions for trial of the right* of property incident to an es- | *all actions for trial of the right* of property incident to a guard- |

structive trusts from the definition of a "trust" as used in the Texas Trust Code. TEX. PROP.CODE ANN. §§ 111.001–115.017 (Vernon 1995 & Supp.2000); *Qualia,* 878 S.W.2d at 341–42. Section 115.001 is a part of the Texas Trust Code.

| Probate | Guardianship |
|---|---|
| tate, and actions to construe wills, and | ianship estate, and |
| generally all matters relating to the settlement, partition, and distribution of estates of deceased persons. | generally all matters relating to the settlement, partition, and distribution of a guardianship estate. |

TEX. PROB.CODE ANN. §§ 5A(a), 607(a) (Vernon Supp.2000).

## STATUTORY PROBATE COURT AND DISTRICT COURT PROVISIONS

| Probate | Guardianship |
|---|---|
| § 5A. Matters Appertaining and Incident to an Estate and Other Probate Court Jurisdiction | § 607. Matters Appertaining and Incident to an Estate |
| (b) In proceedings in the statutory probate courts and districts courts, the phrases "appertaining to estates" and "incident to an estate" in this Code include | (b) In a proceeding in a statutory probate court or district court, the phrases "appertaining to estates" and "incident to an estate" in this chapter include |
| the probate of wills, | the appointment of guardians, |
| the issuance of letters testamentary and of administration, and | the issuance of letters of guardianship, |
| the determination of heirship, | |
| and also include, but are not limited to, | |
| all claims by or against an estate, | all claims by or against a guardianship estate, |
| all actions for trial of title to land and for the enforcement of liens thereon, | all actions for trial of title to land and for the enforcement of liens on the land, |
| all actions for trial of the right of property, | all actions for trial of the right of property, |
| all actions to construe wills, | |
| the interpretation and administration of testamentary trusts and the applying of constructive trusts, | |
| and generally | and generally |
| all matters relating to the settlement, partition, and distribution of estates of deceased persons. | all matters relating to the settlement, partition, and distribution of a guardianship estate. |

TEX. PROB.CODE ANN. §§ 5A(b), 607(b) (Vernon Supp.2000) (emphasis added).[3]

We have uncovered no indication that the legislature in 1993 intended to give the constitutional county courts and county courts at law the new power to impose constructive trusts in guardianship proceedings when this power was previously denied to them. Legislative history indicates this by showing that new section 607 was supposed to be the "same as current law" except for the language about wills. HOUSE COMM. ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex.C.S.H.B. 2685, 73d Leg., R.S. (1993). The plain language of the statute, however, controls, and there is no longer language in the Probate Code that indicates only the district court and statutory probate court may apply constructive trusts in guardianship proceedings. We note that county courts at law are generally authorized to exercise equitable powers. See TEX. GOV'T CODE ANN. §§ 25.0004(c) (statutory county courts at law have all other powers provided for constitutional county courts), 26.050 (powers of law and equity of constitutional county court) (Vernon 1988).

Accordingly, we conclude the county court at law did have the authority to impose a constructive trust in this guardianship proceeding, and we overrule point of error one.

### Transfer from County Court at Law to District Court

In points of error two and three, Lloyd contends the county court at law's transfer of the case to the district court pursuant to Government Code section 74.121(b)(1) was invalid. TEX. GOV'T CODE ANN. § 74.121(b)(1) (Vernon 1998).[4] Both parties agree (1) that the county court at law transferred the case because Hilda died after the jury reached a verdict against Lloyd, but before a final judgment was rendered and (2) that, due to Hilda's death, the case changed from a guardianship proceeding to a probate proceeding

---

3. We note there is no "mirror" provision in section 607(b) concerning the power of statutory probate courts and district courts to impose constructive trusts in guardianship proceedings.

4. The judge of a statutory county court may transfer a case to the docket of the district court, except that a case may not be transferred without the consent of the judge of the court to which it is being transferred and may not be transferred unless it is within the jurisdiction of the court to which it is transferred.

TEX. GOV'T CODE ANN. § 74.121(b)(1) (Vernon 1998).

and thus the statutory county court at law no longer had the authority to impose a constructive trust.

The majority of Lloyd's argument is that the statutory county court at law never had the authority to impose a constructive trust and that this lack of authority could not be cured by transferring the case to the district court. We have rejected the basis for this argument in our treatment of point of error one. Lloyd's remaining argument is that the district court could not render judgment in a case in which the court did not hear any of the evidence, citing our opinion in *W.C. Banks, Inc. v. Team, Inc.*, 783 S.W.2d 783, 785–86 (Tex.App.—Houston [1st Dist.] 1990, no writ). We disagree with Lloyd's interpretation of *W.C. Banks.*

In *W.C. Banks,* a visiting judge conducted a bench trial. *Id.* at 784. The visiting judge made a docket entry indicating a judgment for the plaintiff, but neither made findings of fact or formally rendered judgment for the plaintiff. *Id.* at 784. The regular judge later rendered judgment for the plaintiff without hearing any of the evidence. We reversed, holding that Texas Rule of Civil Procedure 330(g) does not authorize a district judge who heard none of the case to render judgment in a bench trial. *Id.* at 785–86.

In this case, the jury reached a verdict before the case was transferred. The concerns addressed in *W.C. Banks* are inapplicable. Accordingly, we hold that Government Code section 74.121(b)(1) authorized the country court at law to transfer the case to the district court.

We overrule points of error two and three.

The discussion of the remaining issues presented does not meet the criteria for publication set forth in Texas Rule of Appellate Procedure 47.4. Accordingly, the remainder of the opinion is not designated for publication.

Based on our disposition of all the points of error, we reverse the judgment of the trial court in part and affirm the judgment of the trial court in part.