In the Matter of the Estate of Lydia Mais
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-024-CV

IN THE MATTER OF THE ESTATE OF LYDIA MAIS
 

From the County Court at Law No. 1
Brazos County, Texas
Trial Court # 10,169
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      This appeal is from a summary judgment in a probate proceeding. Tex. Prob. Code Ann.
§ 5(g) (Vernon Supp. 2002). Finding the summary judgment improper, we will reverse it and
remand the cause for further proceedings.
      Louis Mais died in 1977, survived by his wife, Lydia, and their son, Donald. Louis and
Lydia owned only community property. Louis’s will was admitted to probate as a muniment of
title in 1977. He left personal property to Lydia, a small bequest to a church, and the remainder
of his one-half interest in the community estate, including a residence in College Station and other
assets, to Donald, as trustee, with Lydia as life beneficiary and then distribution of the trust estate
to Donald. Lydia died in 1991, leaving a will which had not been probated at the time of the
summary judgment. The value of her estate was highly contested, but it includes her one-half
interest in the residence and some amount of liquid assets.
      Donald has two sons, Gordon and Jeff. Lydia’s will, dated 1988, leaves one-half of her estate
to Donald and one-fourth each to Gordon and Jeff. Donald was named executor, but he never
filed the will for probate. In 1997, Gordon filed a partition suit in district court for sale of the
house, in which he had been living. Gordon named Donald and Jeff as defendants; Jeff never filed
an answer or otherwise appeared in any of the proceedings. To resolve a question of jurisdiction,
the district court transferred the suit to the county court at law. Tex. Prob. Code Ann. § 5(c)
(Vernon Supp. 2002).
      When Gordon filed an application to probate Lydia’s will as a muniment of title, more than
four years had elapsed since her death.


 In addition to probate of her will, Gordon wanted to
recover his one-fourth of Lydia’s share of the estate bequeathed him under her will. He asked for
the proceeds from the sale of the house to the extent necessary to fully satisfy his one-fourth
interest in her estate. Thus, his suit sought an accounting of the assets which existed at Lydia’s
death.
      Both parties filed motions for summary judgment. The court denied Donald’s motion and
granted Gordon’s and signed a summary judgment on September 10, 2001. In the judgment, the
court found that Donald had spent $181,774.84 of the cash assets existing when Lydia died, half
of which was Lydia’s interest, and that he owed the estate $ 40,878.27 (for Gordon’s and Jeff’s
one-fourth shares). The court rendered a judgment against Donald for $40,787.84, and ordered
the house to be sold and the proceeds equally divided between Gordon and Jeff. Donald was to
receive nothing from the sale of the house because his share was to offset the $40,878.27 he owed
the estate. Two days later, on September 12, the court signed an order admitting Lydia’s will to
probate as a muniment of title.
      Donald presents three issues for our review:
      1.   There are issues of material fact which preclude summary judgment.
      2.   The county court at law was without jurisdiction over Donald’s assets bequeathed to
Donald under Louis’s will.
      3.   Admitting the will to probate as a muniment of title served only to establish the chain of
title and is not grounds for distribution of estate assets.
      At the time Gordon’s motion for a summary judgment was filed, heard, and ruled on, one
important issue had not been resolved: who was entitled to Lydia’s estate. If her will was entitled
to probate, Donald was entitled to one-half, and Gordon and Jeff were entitled to one-fourth each. 
Otherwise, Donald was entitled to it all. Id. § 38(a)1 (Vernon 1980). That issue alone should
have precluded the grant of a summary judgment that assumed the validity of her will which had
not then been admitted to probate.



      Next, the summary judgment divests Donald’s title to the residence and awards it one-half to
Gordon and one-half to Jeff. Donald’s title to one-half of the residence vested when Lydia died,
under the terms of the trust created by his father’s will. His interest in assets obtained through
his father’s will are not subject to this proceeding, unless it is a matter within the jurisdiction of
the court under section 5A(a), a question we do not decide in light of our holding above. See id.
§ 5A(a) (Vernon Supp. 2002). Further, if intended as a constructive trust imposed on Donald’s
interest in the residence, the court has no authority to do so. See Qualia v. Qualia, 878 S.W.2d
339, 341 (Tex. App.—San Antonio 1994, writ denied); Green v. Watson, 860 S.W.2d 238, 243-44
(Tex. App.—Austin 1993, no writ); see also Enax v. Noack, 12 S.W.3d 609, 612 (Tex.
App.—Houston [1st Dist.] 2000, no pet.).
      For these reasons, we reverse the summary judgment and remand the cause to the trial court
for further proceedings consistent with this opinion. On remand, the court should determine (a)
what claims Gordon is asserting after Lydia’s will has been admitted to probate and (b) whether
the court has jurisdiction over any of those claims. See In re Estate of Kurtz, 54 S.W.3d 353, 356
(Tex. App.—Waco 2001, no pet.) (“When the order admitting the will to probate as a muniment
of title became final, the County Court’s jurisdiction terminated.”).
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Reversed and remanded
Opinion delivered and filed August 21, 2002
Do not publish
[CV06]