**John R. SCHUELE, Appellant,**

**v.**

**Hunter SCHUELE, Trustee of the Roselyn Schuele Residuary Trust, Trustee of the Hunter Schuele Trust, and Trustee of the Judy Buescher Trust, and Judy Buescher, an interested party, Appellees.**

No. 04–02–00496–CV.

Court of Appeals of Texas, San Antonio.

Aug. 13, 2003.

Stephen R. Turkett, Robt. L. Kelly, Kelly & Nevins, L.L.P., Kerrville, for appellant.

John C. Chunn, John C. Chunn, P.C., New Braunfels, Jonathan B. Cluck, Nunley, Davis, Jolley & Hill, L.L.P., Boerne, Thomas J. Rothe, Law Offices of Thomas J. Rothe, P.C., Hondo, for appellees.

Hunter Schuehle, Medina, pro se.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

This case arises from a suit for accounting, damages, and surcharge of the trustee of a testamentary trust. Appellant John R. Schuele (John) filed suit in District Court against Appellee Hunter Schuele (Hunter), who was serving as the trustee of a testamentary trust created by their mother Roselyn's will. Hunter filed a motion to dismiss for lack of jurisdiction. Following a hearing, the trial court dismissed the case, finding the Medina County Court at Law to have dominant jurisdiction over the suit and that the district court lacked subject matter jurisdiction. John now appeals in a single issue, claiming the district court erred in granting the motion to dismiss because that court has original and exclusive jurisdiction over the trust actions.

### BACKGROUND

Appellant John R. Schuele, Appellee Hunter Schuele, and Judy Buescher are

the children of Roselyn and Jake Schuele. Roselyn died in April of 1999. Her will established a trust, naming Hunter as trustee and mandating the income of the trust to be paid to Jake for the duration of his life. On Jake's death, the trust corpus was to be distributed to the remainder beneficiaries, John, Hunter, and Judy. Jake died in early 2001, and his will was admitted to probate in the Medina County Court at Law.

In April of 2002, John filed suit against Hunter, both in his individual capacity and in his capacity as trustee. John sought an accounting of the trust, damages, and surcharge from Hunter. Hunter filed an answer, as an individual and as trustee, moving to dismiss the case for lack of jurisdiction. The District Court granted Hunter's motion, finding the Medina County Court at Law to have jurisdiction over the case. John now appeals the District Court's decision in a single issue.

### Standard of Review

Subject matter jurisdiction is a question of law to be reviewed *de novo* by an appellate court. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998); *Garza v. Rodriguez*, 18 S.W.3d 694, 696 (Tex.App.-San Antonio 2000, no pet.). In conducting our review, we take as true the facts plead in appellants' petition and determine whether the petition supports jurisdiction in the trial court. *Garza*, 18 S.W.3d at 696.

### Discussion

In his sole issue, John claims the district court erred in finding the Medina County Court at Law to have jurisdiction over his claim. John claims district courts and statutory probate courts have original and exclusive jurisdiction to require an accounting from a trustee, surcharge a trustee, and determine the liability of a trustee. Hunter argues the district court properly dismissed John's suit because the court where the estates of Jake and Roselyn are pending, the Medina County Court at Law, has dominant jurisdiction of all matters "appertaining to and incident to" the estates, including John's claims.

As a general rule, the court in which a suit is first filed acquires dominant jurisdiction to the exclusion of other coordinating courts. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974). Dominant jurisdiction, however, is a concept that applies when separate suits are filed in courts with concurrent jurisdiction. *Green v. Watson*, 860 S.W.2d 238, 242 (Tex.App.Austin 1993, no writ). Where one court lacks the jurisdiction to hear a case, the doctrine has no application. In order to determine whether the Medina County Court at Law has dominant jurisdiction to hear the case at hand, we must first analyze whether that court has the authority to hear the case at all.

Initially, we note the distinction between statutory county courts and statutory probate courts. Under the Texas Government Code, a statutory county court is vested with general jurisdiction over all civil and criminal matters and with probate jurisdiction as provided by general law for county courts. TEX. GOVT.CODE ANN. § 25.0003(d) (Vernon Supp.2003); *Green*, 860 S.W.2d at 242. Statutory probate courts, on the other hand, are courts with jurisdiction limited to the general jurisdiction of a probate court as set forth in the Probate Code. TEX. PROBATE CODE ANN. § 3(ii) (Vernon 2003). Statutory county courts exercising probate jurisdiction are not statutory probate courts under the Code unless their statutorily designated name includes the term "probate." *Id.*; *Green*, 860 S.W.2d at 242.

Section 5(d) of the Texas Probate Code gives county courts, including statutory county courts, the power to hear all matters "incident to an estate." Section 5A(a) of the Texas Probate Code goes on to define what is included in the phrase "incident to an estate" in proceedings in the constitutional and statutory county courts, while section 5A(b) defines what matters are "incident to an estate" in statutory probate courts and district courts. *Qualia v. Qualia*, 878 S.W.2d 339, 341 (Tex.App.-San Antonio 1994, writ denied). It is apparent from the language used in section 5A that "the interpretation and administration of testamentary trusts and the applying of constructive trusts" applies only to statutory probate courts and district courts, not to county courts. *Id.*

In addition, the Texas Property Code gives district courts and certain statutory probate courts exclusive jurisdiction in suits involving trusts. Section 115.001 provides:

(a) Except as provided by subsection (d) of this section, a district court has original and exclusive jurisdiction over all proceedings concerning trusts, including proceedings to: ...

(4) determine the powers, responsibilities, duties, and liability of a trustee; ...

(9) require an accounting by a trustee, review trustee fees, and settle interim or final accounts, and

(10) surcharge a trustee....

(d) the jurisdiction of the district court over proceedings concerning trusts is exclusive except for jurisdiction conferred by law on a statutory probate court.

TEX. PROP.CODE ANN. § 115.001 (Vernon Supp.2003); *Qualia*, 878 S.W.2d at 341–42.

In the case at hand, the pleadings deal with a request for an accounting of a testamentary trust, as well as a request for a surcharge on and damages from the trustee. Although the trust was created by a will now in probate in the Medina County Court at Law, the Texas Probate and Property Codes clearly mandate any issues involving trusts be dealt with in the district court. *See* TEX. PROBATE CODE ANN. §§ 5, 5A (Vernon 2003); TEX. PROP.CODE ANN. § 115.001 (Vernon Supp.2003). The county court at law, then, does not have jurisdiction over this case. We, therefore, reverse the judgment of the trial court and remand this case for further proceedings.