# NO. 12-21-00083-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE MATTER OF THE* | § | *APPEAL FROM THE* |
| *ESTATE OF DONNIE M. RUSHING,* | § | *COUNTY COURT* |
| *DECEASED* | § | *UPSHUR COUNTY, TEXAS* |

## OPINION

Jodie Velin appeals the trial court's order imposing a constructive trust against her for the proceeds of her deceased ex-husband's Veterans' Group Life Insurance (VGLI) policy naming her as the beneficiary. Velin raises three issues on appeal. We vacate the order for want of jurisdiction, render judgment dismissing in part, and remand in part.

## BACKGROUND

Bradley Rushing is the administrator of the estate of Donnie M. Rushing, Velin's deceased ex-husband. After initiating probate proceedings in the Upshur County Court, Rushing learned that Velin was named the beneficiary of the deceased's VGLI policy with $200,000 in benefits payable to her. VGLI policies are governed by federal law, namely the Servicemembers' Group Life Insurance Act (SGLIA).[1] Rushing also learned that Velin generally disclaimed any interest in decedent's life insurance policies in their May 2002 divorce decree granted by the 76th/276th Judicial District Court in Titus County, Texas.[2]

Rushing filed a "Motion to Enforce Court Order for Property and Create Constructive Trust" against Velin in the Upshur County Court as part of the probate proceeding. In his

---

[1] *See* 38 U.S.C. §§ 1965-1980a.

[2] The divorce decree recites that it was issued by the "76th/276th Judicial District Court of Titus County, Texas." The record is unclear as to which specific court issued the decree.

motion, Rushing sought to enforce the waiver provision of the divorce decree between Velin and the decedent and impose a constructive trust over the VGLI death benefit. Rushing alleged in the motion that the decedent believed Velin had been removed as the beneficiary of the VGLI policy, but that Prudential Life Insurance paid at least $55,000 under the policy to her. Rushing did not assert a claim against Prudential for wrongful payment, but instead requested a contempt finding and constructive trust against Velin for wrongfully accepting the proceeds of the policy. Velin, who was not a party to the probate proceeding, objected to being directed into court by way of the motion instead of being sued, and she alleged that she was deprived of her right to remove the matter to federal court. Nevertheless, she complied with the show cause order and opposed the motion.

After a hearing, the trial court granted Rushing's motion, found that it had jurisdiction under its pendent and ancillary jurisdiction, and imposed a constructive trust against Velin, requiring that she pay the full $200,000 in proceeds from the VGLI policy into the court's registry.[3] Alternatively, the court authorized Velin to execute a release with Prudential designating that all unreceived payments be directly paid by it into the court's registry as a lump sum. This appeal followed.

## JURISDICTION

As part of Velin's third issue, she contends that the Upshur County Court lacked subject matter jurisdiction.

### Standard of Review

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Subject matter jurisdiction is never presumed and cannot be waived. *Id.* at 443–44. Subject matter jurisdiction is an issue that may be raised for the first time on appeal. *Id.* at 445. Because subject matter jurisdiction is a question of law, we review it de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

We review the plaintiff's pleadings to determine whether he "affirmatively demonstrate[d] the court's jurisdiction to hear the cause." *Tex. Ass'n of Bus.*, 852 S.W.2d at

---

[3] The record does not contain a reporter's record transcript from the hearing, even though the parties agree that a hearing took place.

446; *see Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied) ("It is incumbent upon the pleading party to allege sufficient facts to affirmatively show that the trial court has subject matter jurisdiction."). We construe the pleadings in favor of the plaintiff and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226; *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. Regarding a plaintiff's responsibility to plead an amount-in-controversy that falls within a court's prescribed jurisdictional limits, it is presumed a trial court has jurisdiction "unless lack of jurisdiction affirmatively appears on the face of the petition." *Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 804 (Tex. 1989) (citation omitted); *see also Dowell v. Quiroz*, 462 S.W.3d 578, 582 (Tex. App.—Corpus Christi 2015, no pet.) (describing standard of review in similar case).

**Applicable Law**

Life insurance policies that are contractual in nature, become effective at the decedent's death, and control the disposition of the asset by reason of the death, along with the proceeds paid to the named beneficiary therefrom, are nontestamentary transfers and nonprobate assets that pass according to their contractual terms. *See* TEX. ESTATES CODE ANN. § 111.052(a)(1)(A), (b) (West 2020). Nonprobate assets such as life insurance policies are those that are not subject to disposition by will or the laws of intestate succession. *See Valdez v. Ramirez*, 574 S.W.2d 748, 750 (Tex. 1978); *In re Estate of Perez-Muzza*, 446 S.W.3d 415, 422 (Tex. App.—San Antonio 2014, pet. denied) (stating that proceeds from nontestamentary transfer pass outside probate proceedings, decedent's personal representative has no authority with respect to them, and no rights to proceeds accrue to those who would take under decedent's will or through the laws of intestacy). However, any person, including a personal representative, asserting an interest in a life insurance policy, shall have access to Texas courts for a judicial determination of (1) whether a nontestamentary transfer of the assets or interests has occurred; or (2) the ownership of the assets or interests following a possible nontestamentary transfer.[4] *See* TEX. ESTATES CODE ANN. § 111.054(c) (West 2020). It is axiomatic that the Texas court be a proper court with subject matter jurisdiction.

"Texas probate jurisdiction is, to say the least, somewhat complex." *Palmer v. Coble Wall Tr. Co.*, 851 S.W.2d 178, 180 n.3 (Tex. 1992). Each county has a constitutional county

---

[4] This provision applies if more than 50% of the interests under the life insurance policy are owned, immediately prior to the transfer, by one or more persons domiciled in Texas, as is the case here. *See* TEX. ESTATES CODE ANN. § 111.054(a) (West 2020).

court, which is the office of the chief administrator of the county. *See* TEX. CONST. art. V, §§ 15-16. A county court has the jurisdiction conferred by the Texas Constitution and statutes. *See* TEX. GOV'T CODE ANN. § 26.041 (West 2019). The Upshur County Court has the general jurisdiction of a probate court and has concurrent jurisdiction with the district court in all other matters over which county courts are given jurisdiction by the constitution and general laws of this state. *See id.* § 26.330(a) (West 2019).

Courts such as the Upshur County Court have original probate jurisdiction over "probate proceedings" and "matters related to a probate proceeding." *See* TEX. EST. CODE ANN. § 32.001(a) (West 2020). The term "probate proceeding" is defined by statute as eight enumerated matters such as the probate of a will, issuance of letters testamentary, an heirship determination, and various other matters, none of which apply here. *See id.* § 31.001(a) (West 2020). "A matter related to a probate proceeding" is also statutorily defined, and such matters are determined by the type of trial court considering the matter. *See generally id.* § 31.002 (West 2020). As relevant here, in a county such as Upshur County without a county court at law or statutory probate court, the matters listed in Section 31.002(a) are "matters related to a probate proceeding," which include the following:

> (1) an action against a personal representative or former personal representative arising out of the representative's performance of the duties of a personal representative;
>
> (2) an action against a surety of a personal representative or former personal representative;
>
> (3) a claim brought by a personal representative on behalf of an estate;
>
> (4) an action brought against a personal representative in the representative's capacity as personal representative;
>
> (5) an action for trial of title to real property that is estate property, including the enforcement of a lien against the property; and
>
> (6) an action for trial of the right of property that is estate property.

*Id.* § 31.002(a). The amount-in-controversy limits do not limit the county court's original probate jurisdiction. *See* ***Womble v. Atkins***, 331 S.W.2d 294, 299 (Tex. 1960).

Probate courts also have "pendent and ancillary jurisdiction as necessary to promote judicial efficiency and economy." TEX. EST. CODE ANN. § 32.001(b). "Typically, probate courts exercise ancillary or pendent jurisdiction when a close relationship exists between the

4

nonprobate claims and the claims against the estate." ***Jurgens v. Martin***, 631 S.W.3d 385, 400 (Tex. App.—Eastland 2021, no pet.) (quoting ***Shell Cortez Pipeline Co. v. Shores***, 127 S.W.3d 286, 294 (Tex. App.—Fort Worth 2004, no pet.)); *see also* ***Narvaez v. Powell***, 564 S.W.3d 49, 57 (Tex. App.—El Paso 2018, no pet.); ***Sabine Gas Trans. Co. v. Winnie Pipeline Co.***, 15 S.W.3d 199, 202 (Tex. App.—Houston [14th Dist.] 2000, no pet.). In reviewing a probate court's exercise of pendent and ancillary jurisdiction, "the fundamental question . . . is whether there was a close relationship between [the non-probate claims and the probate proceeding] such that the probate court's exercise of jurisdiction will aid it in the efficient administration of the [estate]." ***In re Estate of Hallmark***, 629 S.W.3d 433, 438 (Tex. App.—Eastland 2020, no pet.) (quoting ***Schuchmann v. Schuchmann***, 193 S.W.3d 598, 603 (Tex. App.—Fort Worth 2006, pet. denied)). A probate court has jurisdiction to resolve ancillary claims against third parties only to the extent that such claims were necessary to resolve claims within its original jurisdiction. *Id.* "Pendent and ancillary" claims are nonprobate claims. ***Jurgens***, 631 S.W.3d at 400 (citing ***Shores***, 127 S.W.3d at 294).

In contrast to a pure probate proceeding, the amount-in-controversy limits of Texas Government Code Section 26.042 apply to pendent and ancillary claims brought in constitutional county courts because they are nonprobate claims resolved by a probate court when doing so will aid in the efficient administration of the estate. *See, e.g., id.* (citing ***Dowell***, 462 S.W.3d at 585–86). That section provides that a county court has concurrent jurisdiction with the justice courts in civil cases in which the matter in controversy exceeds $200 in value but does not exceed $20,000, exclusive of interest. TEX. GOV'T CODE ANN. § 26.042(a) (West Supp. 2021). Similarly, a county court has concurrent jurisdiction with the district court in civil cases in which the matter in controversy exceeds $500 but does not exceed $5,000, exclusive of interest. *Id.* § 26.042(d). Among other types of actions not relevant here, a county court does not have jurisdiction in a suit for divorce. *Id.* § 26.043(4) (West 2019).

**Discussion**

The initial proceeding giving rise to this claim was in the constitutional county court of Upshur County, Texas, with the court exercising its original probate jurisdiction. Thus, under the current jurisdictional framework, the "motion" must qualify as a "probate proceeding," a "matter related to a probate proceeding," or the court must have proper "ancillary or pendent

jurisdiction" over the claim. We hold that this claim qualifies as none of these, and the trial court was without jurisdiction to resolve the matter.

As we have stated, federally controlled VGLI life insurance policies such as the policy at issue here are nontestamentary, nonprobate assets. *See* TEX. ESTATES CODE ANN. § 111.052(a)(1)(A), (b); *Valdez*, 574 S.W.2d at 750; *In re Estate of Perez-Muzza*, 446 S.W.3d at 422. Therefore, by its very nature, the disposition of this policy's proceeds is a nonprobate matter and does not fall within any of the enumerated "probate proceeding" matters identified in the statute. *See* TEX. EST. CODE ANN. §§ 31.001, 32.001(a). Furthermore, the claim is not a "matter related to a probate proceeding," because as a nonprobate asset not belonging to the decedent's estate, the VGLI policy and claim concerning its disposition does not fall within any of the matters identified within the "matters related to probate proceedings" statute. *See* TEX. EST. CODE ANN. §§ 31.002(a), 32.001(a) (i.e. this is not a claim against the personal representative or his surety based on the performance of his duties in his capacity as personal representative, nor is it a claim brought on behalf of an estate for trial of title to real property or other estate property). Accordingly, since Rushing attempted to litigate the disposition of this nonprobate asset as part of the underlying probate proceeding in the Upshur County Court, the court could have exercised jurisdiction only as a nonprobate claim derived from the court's pendent and ancillary jurisdiction. Indeed, the Upshur County Court recited its pendent and ancillary jurisdiction as the basis for its jurisdiction in the order granting Rushing's motion.

As previously discussed, a court exercising its probate jurisdiction may exercise its pendent or ancillary jurisdiction over nonprobate matters when there is a close relationship between the probate and nonprobate claims and doing so will aid in the efficient administration of the estate. *See Jurgens*, 631 S.W.3d at 400; *In re Estate of Hallmark*, 629 S.W.3d at 438. We question whether there is such a nexus here. *See Schuchmann*, 193 S.W.3d at 603 (holding statutory probate court erred in exercising pendent and ancillary jurisdiction over postdivorce action for division of community property when there was no relationship between postdivorce action and earlier inter vivos trust suit); *but see* TEX. ESTATES CODE ANN. § 111.054(c). We need not resolve this issue, because even if such a close relationship existed between the administration of the decedent's estate and the disposition of this nonprobate asset, the Upshur County Court lacked subject matter jurisdiction on an independent ground, namely that Rushing's pleading affirmatively negated jurisdiction when he sought the proceeds of the VGLI

6

policy in the amount of $200,000. *See Jurgens*, 631 S.W.3d at 400 (describing generally how amount-in-controversy limits apply to pendent and ancillary claims); *In re Estate of Hallmark*, 629 S.W.3d at 438 (holding county court at law sitting as probate court did not have ancillary and pendent jurisdiction to create rehabilitative receivership for estate property, because only district court could make such order under applicable statute granting jurisdiction); *Dowell*, 462 S.W.3d at 585-86 (holding plaintiff's survival and wrongful death claims attempted to be brought into probate proceeding barred because court's jurisdiction did not extend to those types of claims and also because plaintiff pleaded in excess of maximum amount-in-controversy limits of court's general civil jurisdiction as ancillary claims).

Constitutional county courts such as the Upshur County Court have only concurrent jurisdiction in general civil matters with district courts and justice courts for amount-in-controversy of $5,000 and $20,000 respectively, exclusive of interest. *See* TEX. GOV'T CODE ANN. §§ 26.042 (describing constitutional county court jurisdiction generally, along with amount-in-controversy limitations for civil matters), 26.330(a) (detailing Upshur County Court jurisdiction). Rushing's pleading requests liquidated damages for the VGLI policy in the amount of $200,000, which is far in excess of the Upshur County Court's jurisdictional limits. Accordingly, the Upshur County Court's lack of jurisdiction affirmatively appears on the face of Rushing's motion, which was purportedly the operative pleading against Velin. *See Dowell*, 462 S.W.3d at 582 (citing *Peek*, 779 S.W.2d at 804).

We are aware that some cases hold that subject matter jurisdiction cannot be lost when circumstances in the case increased damages beyond the amount-in-controversy requirements. *See, e.g., Mr. W. Fireworks, Inc. v. Mitchell*, 622 S.W.2d 576, 577 (Tex. 1981) (per curiam) (trial court had jurisdiction to render judgment greater than jurisdictional limits since attorney's fees increased during trial of case); *Flynt v. Garcia*, 587 S.W.2d 109, 109–110 (Tex. 1979) (per curiam) (trial court did not lose jurisdiction over case despite fact that amount-in-controversy grew beyond the court's jurisdictional limits). However, one of our sister courts distinguished the holdings in those cases because they involved original jurisdiction, rather than pendent and ancillary jurisdiction, as is the case here. *See Goodman v. Summit at W. Rim, Ltd.*, 952 S.W.2d 930, 933 (Tex. App.—Austin 1997, no pet.). Moreover, Rushing's original motion asserting the claim against Velin affirmatively exceeded the limits of the Upshur County Court's jurisdiction on its face, another distinguishing characteristic of this case and those in *Mitchell* and *Flynt*,

where the pleadings were initially within the jurisdictional limits of the trial court, but later grew beyond the court's limits.  *See id.*

Rushing also points to a provision in the Texas Family Code stating that "[t]he court that rendered the decree of divorce or annulment retains the power to enforce the property division . . . [,] including a property division and any contractual provisions under the terms of an agreement incident to divorce or annulment under [Texas Family Code] Section 7.006 that was approved by the court."  TEX. FAM. CODE ANN. § 9.002 (West 2020).  However, it is undisputed that Velin and decedent were divorced in the 76th/276th Judicial District Court in Titus County, Texas.  Therefore, this provision is unavailing and confers no jurisdiction on the Upshur County Court.  Moreover, the statute outlining the Upshur County Court's jurisdiction makes clear that the court lacks any jurisdiction over matters of divorce.  *See* TEX. GOV'T CODE ANN. § 26.043(4).

The portion of Velin's third issue challenging the Upshur County Court's subject matter jurisdiction to resolve the claim brought against her in Rushing's motion is sustained.

### REMAINING ISSUES

In her first issue, Velin contends that the trial court erred when it granted Rushing's motion and found that the earlier Titus County divorce decree acted to divest her of any interest in the decedent's federal VGLI death benefit.  In her second issue, Velin argues that the trial court erred when it imposed a constructive trust over the VGLI death benefit, which is federally protected from attachment.[5]  In the remaining portion of her third issue, Velin maintains that the trial court erred by overruling various objections to the trial court's jurisdiction and due process rights violations.  Because we have held that the Upshur County Court lacked jurisdiction over the matter asserted against Velin in Rushing's motion, we need not address these issues.  *See* TEX. R. APP. P. 47.1.

---

[5] It is not entirely clear, under current law, whether a constitutional county court maintains the authority to grant a constructive trust in these circumstances.  Many Texas courts, including this court, have held that constitutional county courts lack the authority to grant a constructive trust as part of their probate jurisdiction. *See, e.g., **In re Burns**,* No. 12-09-00261-CV, 2010 WL 2982917, at *2-3 (Tex. App.—Tyler July 30, 2010, no pet.) (mem. op.); ***In re Estate of Alexander**,* 188 S.W.3d 327, 331 (Tex. App.—Waco 2006, no pet.); ***Enax v. Noack**,* 12 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2000, no pet.).  However, we note that the reasoning in those cases is based on the now repealed Texas Probate Code Section 5A. *See* Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 6, 1993 Tex. Gen. Laws 4081, 4161–62, *repealed by* Act of May 31, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4275, 4279.  Because we hold that the Upshur County Court lacked jurisdiction to resolve this matter because it is not a probate proceeding, a matter related to a probate proceeding, or a proper exercise of the court's pendant and ancillary jurisdiction, we need not address this issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained the portion of Velin's third issue and holding that the trial court lacked jurisdiction to resolve the matter, we ***vacate*** the trial court's order granting the "Administrator's Motion to Enforce Court Order for Property and Create Constructive Trust," ***render*** judgment ***dismissing*** that portion of the proceeding against Velin for want of jurisdiction, and ***remand*** for further probate proceedings consistent with this opinion. *See* TEX. R. APP. P. 43.2(c)-(e).


**BRIAN HOYLE**
Justice

Opinion delivered April 14, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 14, 2022**

**NO. 12-21-00083-CV**

**IN THE MATTER OF THE ESTATE OF
DONNIE M. RUSHING, DECEASED**

Appeal from the County Court

of Upshur County, Texas (Tr.Ct.No. 20PR00053)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in order of the court below.

It is ORDERED, ADJUDGED and DECREED by this Court that the trial court's order granting the "Administrator's Motion to Enforce Court Order for Property and Create Constructive Trust," be **vacated** and that portion of the proceeding against Jodie Velin for want of jurisdiction be **dismissed**, and this cause be **remanded** for further probate proceedings consistent with this opinion; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*