

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-171-CV

DAMON LEE WOOD                                                   APPELLANT

V.

MARCUS P. BOLDT, INDEPENDENT                                      APPELLEES
EXECUTOR OF THE ESTATE OF
JUDY GAIL WOOD, AND JOHN
CARROLL OSBORNE[1]

------------

### FROM COUNTY COURT AT LAW NO. 1 OF PARKER COUNTY

------------

## MEMORANDUM OPINION[2]

------------

### I. INTRODUCTION

Pro se appellant Damon Lee Wood appeals the order of dismissal signed by County Court at Law No. 1 of Parker County. In eleven issues, Damon challenges the trial court's jurisdiction, the validity of a settlement agreement,

---

[1] Only Osborne filed a brief with this court.

[2] *See* Tex. R. App. P. 47.4.

the trial court's decision to allow the trustee to withdraw, and the validity of the dismissal order. Because we hold that the county court at law did not have jurisdiction over proceedings concerning the trust, we will (1) vacate that portion of the county court at law's order allowing Osborne to withdraw as trustee and dismiss for lack of jurisdiction, (2) vacate that portion of the county court at law's dismissal order that rules on the trust matter and dismiss for lack of jurisdiction, (3) affirm that portion of the county court at law's order allowing Osborne to withdraw as attorney for Wood, and (4) affirm that portion of the county court at law's dismissal order that transfers the no-longer-contested probate proceeding back to the constitutional county court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Judy Gail Wood, a widow, died testate in April 1998, leaving her estate to Rhonda Judith Khatib, Linda Lu Blair, Cynthia Rene Boldt, Marcus Paul Boldt, Donald Lynn Wood, and Damon Lee Wood. Judy's will appointed Marcus as executor and directed that Damon's share of her estate "be held in trust, until his death."

A month after Judy's death, Marcus filed an application to probate her will in the constitutional county court of Parker County, Texas, and received letters testamentary two months later. Marcus filed an inventory, which the trial court approved in December 1998.

2

In April 1999, Marcus filed an original petition for declaratory judgment. Marcus requested that the constitutional county court construe Judy's will to answer the following questions:

1. Is the Trustee authorized to make distributions, from the estate trust, during DAMON LEE WOOD'S lifetime?

2. If such distributions are authorized:

    (a)    should the trustee be permitted to make the distributions from trust corpus, as well as income?

    (b)    for whose benefit may distributions be made?

    (c)    what standard must the Trustee adhere to in making the distributions?

The following month, Damon's trial counsel filed his original answer, original counter petition for declaratory judgment, counter claim, and appointment of trustee.[3] Damon requested a determination that the gross portion of Judy's estate passing to him was not liable for and could not be charged or reduced for any taxes or debts of the estate, that his trustee was authorized to make distributions from the trust, and that his trustee was authorized to make distributions of trust income to him. Due to the contested nature of the pleadings, Damon's trial counsel also filed a motion to transfer the

---

[3] We note that the record before us stops at "Page 4 of 6" of Damon's document. We have not asked that the record be supplemented because the remainder of that document will not alter the disposition of this appeal.

3

proceeding to the county court at law. The constitutional county court thereafter ordered the transfer of the case to the county court at law.

During the eight and a half years that the case was pending in the county court at law, numerous documents were filed, including motions to withdraw filed by several different attorneys for Damon, pro se letters from Damon, motions to remove the executor, and motions for sanctions. In February 2008, Damon's attorney, John Osborne, filed a motion to withdraw as counsel for Damon and to withdraw as trustee of Damon's trust. The county court at law granted that motion on March 3, 2008. The following day, the county court at law took notice of a family settlement agreement executed by Marcus and Damon, dismissed the contested proceeding, and transferred all further proceedings related to the estate back to the constitutional county court. Damon appeals the order of dismissal.

### III. JURISDICTION OVER TRUST

In Damon's fifth, sixth, and seventh issues, he argues that the county court at law erred by not transferring the case to the district court and by granting Osborne's motion to withdraw as attorney and trustee.[4] Specifically,

---

[4] Because Damon challenged the order granting Osborne's motion to withdraw as trustee in the body of his appellate brief we construe this argument as a subissue under his challenge to the dismissal order. *See Perry v. Cohen*, 272 S.W.3d 585, 587–88 (Tex. 2008).

4

Damon argues that the county court at law had no authority to rule on issues concerning a contested probate matter involving a testamentary trust because such authority is given only to statutory probate courts and district courts.

The jurisdictional question presented here arises from the maze of jurisdictional statutes that govern probate proceedings in constitutional county courts, statutory county courts (more commonly referred to as county courts at law), statutory probate courts, and district courts, as well as the statutes that govern trusts. Section 4 of the probate code states that a constitutional county court "shall have the general jurisdiction of a probate court. It shall probate wills, grant letters testamentary and of administration, settle accounts of personal representatives, and transact all business appertaining to estates subject to administration, including the settlement, partition, and distribution of such estates." Tex. Prob. Code Ann. § 4 (Vernon 2003).[5] Constitutional county courts, however, do not have jurisdiction over contested probate matters. *See* Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 5, 1993 Tex. Gen. Laws 4081, 4161 (amended 2001) (current version at Tex. Prob. Code Ann. § 5(c) (Vernon Supp. 2008)). According to section 5(c) of the probate

---

[5] This section has not been amended since 1993, which is prior to the time the suit at issue was filed. We therefore cite to the current version of the code.

code, in contested probate matters, the judge of the constitutional county court "shall on the motion of a party to the proceeding, transfer the proceeding to the statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, which may then hear the proceeding as if originally filed in such court." *Id.*

Parker County does not have a statutory probate court; it does, however, have a county court at law. *See* Act of Apr. 30, 1987, 70th Leg., R.S., ch. 148, § 4.01, 1987 Tex. Gen. Laws 534, 677–78 (amended 2003 and 2007) (current version at Tex. Gov't Code Ann. § 25.1861 (Vernon Supp. 2008)). Thus, the constitutional county court properly followed the mandatory language in probate code section 5(c) by transferring the contested case to the county court at law upon Damon's motion. *See* Tex. Prob. Code Ann. § 5(c).[6]

The next question is whether, in the absence of a statutory probate court, a county court at law may decide a matter involving a testamentary trust. Section 5A(a) of the probate code states,

> In proceedings in the constitutional county courts and statutory county courts at law, the phrases "appertaining to estates" and "incident to an estate" in this Code include the probate of wills, the issuance of letters testamentary and of administration, the

---

[6] For ease of reference, we will cite the statutory provisions by their code citations rather than by their session laws after the session law has been set forth in full.

6

> determination of heirship, and also include, but are not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills, and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons.

Tex. Prob. Code Ann. § 5A(a) (Vernon Supp. 2008).[7]  When reviewing proceedings in the county court at law, the phrases "appertaining to estates" and "incident to an estate" are not defined as including the interpretation and administration of testamentary trusts.  *See id.*  Under section 5A(b), however, that task—"the interpretation and administration of testamentary trusts"—is a matter "appertaining to" or "incident to an estate" for probate proceedings in the statutory probate courts and district courts.  *See* Act of May 22, 1997, 75th Leg., R.S., ch. 1302, § 1, 1997 Tex. Gen. Laws 4954, 4954–55 (amended 1999 and 2003) (current version at Tex. Prob. Code Ann. § 5A(b) (Vernon Supp. 2008)).  Thus, under probate code section 5A, county courts at law do not have jurisdiction over matters involving a testamentary trust, but statutory probate courts and district courts do.

District courts also possess statutory jurisdiction over testamentary trusts via Texas Property Code section 115.001.  That section provides that district

---

[7] This particular section of the statute has not been amended since the underlying suit was filed, so the current version is applicable.

7

courts have original and exclusive jurisdiction over all proceedings concerning trusts, including proceedings to (1) construe a trust instrument; (2) determine the law applicable to a trust instrument; (3) appoint or remove a trustee; (4) determine the powers, responsibilities, duties, and liability of a trustee; (5) ascertain beneficiaries; (6) make determinations of fact affecting the administration, distribution, or duration of a trust; (7) determine a question arising in the administration or distribution of a trust; (8) relieve a trustee from any or all of the duties, limitations, and restrictions otherwise existing under the terms of the trust instrument or of this subtitle; (9) require an accounting by a trustee, review trustee fees, and settle interim or final accounts; and (10) surcharge a trustee. Tex. Prop. Code Ann. § 115.001(a) (Vernon Supp. 2008).

Here, the parties asked the county court at law to make determinations regarding Damon's trust. The parties, however, could not by agreement or by requests for relief confer jurisdiction on the county court at law over these trust matters.[8] *See Wilmer-Hutchins ISD v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001); *In re Soefje*, No. 04-05-00140-CV, 2005 WL 1277754, at *3 (Tex.

---

[8] Appellee John Osborne complains that Damon has not presented or has waived his jurisdictional complaints. Jurisdictional complaints, however, may be raised at any time, including for the first time on appeal. *See Tex. Ass'n of Business v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993) (stating that subject matter jurisdiction is an issue that may be raised for the first time on appeal).

App.—San Antonio June 1, 2005, orig. proceeding) (both stating that subject matter jurisdiction cannot be conferred by agreement, estoppel, or judicial admissions). The county court at law was thus without statutory authority to exercise jurisdiction over Damon's trust and to allow Osborne to withdraw as trustee, thereby relieving Osborne of any or all of the duties, limitations, and restrictions otherwise existing under the terms of the trust. *See* Tex. Prop. Code Ann. § 115.001(a)(8); *see also Schuele v. Schuele*, 119 S.W.3d 822, 825 (Tex. App.—San Antonio 2003, no pet.) (holding that county court at law did not have jurisdiction over case involving a testamentary trust when pleadings requested an accounting of the testamentary trust). The county court at law thus did not have subject matter jurisdiction or jurisdiction to render portions of the particular orders at issue, and its orders are void to the extent it ruled on matters related to the trust. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990).[9] We therefore sustain Damon's fifth, sixth, and seventh issues.

---

[9] Because the county court at law does not have jurisdiction over the matters related to the trust, we cannot remand the trust issues to the county court at law for transfer to the district court. It is up to the parties to file any trust matters in the district court.

9

## IV. CONCLUSION

Having sustained Damon's fifth, sixth, and seventh issues,[10] we (1) vacate that portion of the county court at law's order allowing Osborne to withdraw as trustee and dismiss for lack of jurisdiction, (2) vacate that portion of the county court at law's dismissal order that rules on the trust matter and dismiss for lack of jurisdiction, (3) affirm that portion of the county court at law's order allowing Osborne to withdraw as attorney for Wood, and (4) affirm that portion of the county court at law's dismissal order that transfers the no-longer-contested probate proceeding back to the constitutional county court.

SUE WALKER
JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED:  April 9, 2009

---

[10] Because these issues are dispositive of the appeal, we need not reach Damon's remaining issues.  *See* Tex. R. App. P. 47.1.

10