COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-171-CV

 

DAMON LEE WOOD                                                             APPELLANT

 

                                                   V.

 

MARCUS P. BOLDT, INDEPENDENT                                         APPELLEES

EXECUTOR OF THE ESTATE OF

JUDY GAIL WOOD, AND JOHN

CARROLL OSBORNE[1]



 

                                              ------------

 

           FROM COUNTY
COURT AT LAW NO. 1 OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[2]

 

                                              ------------

                                          I.  INTRODUCTION








Pro se appellant Damon Lee Wood appeals the order
of dismissal signed by County Court at Law No. 1 of Parker County.  In eleven issues, Damon challenges the trial
court=s
jurisdiction, the validity of a settlement agreement, the trial court=s
decision to allow the trustee to withdraw, and the validity of the dismissal
order.  Because we hold that the county
court at law did not have jurisdiction over proceedings concerning the trust,
we will (1) vacate that portion of the county court at law=s order
allowing Osborne to withdraw as trustee and dismiss for lack of jurisdiction,
(2) vacate that portion of the county court at law=s
dismissal order that rules on the trust matter and dismiss for lack of
jurisdiction, (3) affirm that portion of the county court at law=s order
allowing Osborne to withdraw as attorney for Wood, and (4) affirm that portion
of the county court at law=s
dismissal order that transfers the no-longer-contested probate proceeding back
to the constitutional county court.

                          II.  FACTUAL AND PROCEDURAL BACKGROUND

Judy Gail Wood, a widow, died testate in April
1998, leaving her estate to Rhonda Judith Khatib, Linda Lu Blair, Cynthia Rene
Boldt, Marcus Paul Boldt, Donald Lynn Wood, and Damon Lee Wood.  Judy=s will
appointed Marcus as executor and directed that Damon=s share
of her estate Abe held in trust, until his
death.@

A month after Judy=s death,
Marcus filed an application to probate her will in the constitutional county
court of Parker County, Texas, and received letters testamentary two months
later.  Marcus filed an inventory, which
the trial court approved in December 1998.








In April 1999, Marcus filed an original petition
for declaratory judgment.  Marcus
requested that the constitutional county court construe Judy=s will
to answer the following questions:

1.  Is the Trustee authorized to make
distributions, from the estate trust, during DAMON LEE WOOD=S lifetime?

 

2.  If such distributions are authorized:

 

(a)     should
the trustee be permitted to make the distributions from trust corpus, as well
as income?

 

(b)    for
whose benefit may distributions be made?

 

(c)     what
standard must the Trustee adhere to in making the distributions? 

 








The following month, Damon=s trial
counsel filed his original answer, original counter petition for declaratory
judgment, counter claim, and appointment of trustee.[3]  Damon requested a determination that the
gross portion of Judy=s estate passing to him was not
liable for and could not be charged or reduced for any taxes or debts of the
estate, that his trustee was authorized to make distributions from the trust,
and that his trustee was authorized to make distributions of trust income to
him.  Due to the contested nature of the
pleadings, Damon=s trial counsel also filed a
motion to transfer the proceeding to the county court at law.  The constitutional county court thereafter
ordered the transfer of the case to the county court at law.

During the eight and a half years that the case
was pending in the county court at law, numerous documents were filed,
including motions to withdraw filed by several different attorneys for Damon,
pro se letters from Damon, motions to remove the executor, and motions for
sanctions.  In February 2008, Damon=s
attorney, John Osborne, filed a motion to withdraw as counsel for Damon and to
withdraw as trustee of Damon=s
trust.  The county court at law granted
that motion on March 3, 2008.  The
following day, the county court at law took notice of a family settlement
agreement executed by Marcus and Damon, dismissed the contested proceeding, and
transferred all further proceedings related to the estate back to the
constitutional county court.  Damon
appeals the order of dismissal.

                                  III.  JURISDICTION OVER TRUST








In Damon=s fifth,
sixth, and seventh issues, he argues that the county court at law erred by not
transferring the case to the district court and by granting Osborne=s motion
to withdraw as attorney and trustee.[4]  Specifically, Damon argues that the county
court at law had no authority to rule on issues concerning a contested probate
matter involving a testamentary trust because such authority is given only to
statutory probate courts and district courts.








The jurisdictional question presented here arises
from the maze of jurisdictional statutes that govern probate proceedings in
constitutional county courts, statutory county courts (more commonly referred
to as county courts at law), statutory probate courts, and district courts, as
well as the statutes that govern trusts. 
Section 4 of the probate code states that a constitutional county court Ashall
have the general jurisdiction of a probate court.  It shall probate wills, grant letters
testamentary and of administration, settle accounts of personal
representatives, and transact all business appertaining to estates subject to
administration, including the settlement, partition, and distribution of such estates.@  Tex. Prob. Code Ann. ' 4
(Vernon 2003).[5]  Constitutional county courts, however, do not
have jurisdiction over contested probate matters.  See Act of May 30, 1993, 73rd Leg.,
R.S., ch. 957, ' 5, 1993 Tex. Gen. Laws 4081,
4161 (amended 2001) (current version at Tex. Prob. Code Ann. ' 5(c)
(Vernon Supp. 2008)).  According to
section 5(c) of the probate code, in contested probate matters, the judge of
the constitutional county court Ashall on
the motion of a party to the proceeding, transfer the proceeding to the
statutory probate court, county court at law, or other statutory court
exercising the jurisdiction of a probate court, which may then hear the
proceeding as if originally filed in such court.@  Id.

Parker County does not have a statutory probate
court; it does, however, have a county court at law.  See Act of Apr. 30, 1987, 70th Leg.,
R.S., ch. 148, ' 4.01, 1987 Tex. Gen. Laws 534,
677B78
(amended 2003 and 2007) (current version at Tex. Gov=t Code
Ann. ' 25.1861
(Vernon Supp. 2008)).  Thus, the
constitutional county court properly followed the mandatory language in probate
code section 5(c) by transferring the contested case to the county court at law
upon Damon=s motion.  See Tex. Prob. Code Ann. ' 5(c).[6]

The next question is whether, in the absence of a
statutory probate court, a county court at law may decide a matter involving a
testamentary trust.  Section 5A(a) of the
probate code states,








In proceedings in the
constitutional county courts and statutory county courts at law, the phrases Aappertaining to estates@ and Aincident to an estate@ in this Code include the
probate of wills, the issuance of letters testamentary and of administration,
the determination of heirship, and also include, but are not limited to, all
claims by or against an estate, all actions for trial of title to land incident
to an estate and for the enforcement of liens thereon incident to an estate,
all actions for trial of the right of property incident to an estate, and
actions to construe wills, and generally all matters relating to the
settlement, partition, and distribution of estates of deceased persons.

 

Tex. Prob. Code Ann. ' 5A(a)
(Vernon Supp. 2008).[7]  When reviewing proceedings in the county
court at law, the phrases Aappertaining
to estates@ and Aincident
to an estate@ are not defined as including
the interpretation and administration of testamentary trusts.  See id.  Under section 5A(b), however, that taskCAthe
interpretation and administration of testamentary trusts@Cis a
matter Aappertaining
to@ or Aincident
to an estate@ for probate proceedings in the
statutory probate courts and district courts. 
See Act of May 22, 1997, 75th Leg., R.S., ch. 1302, ' 1, 1997
Tex. Gen. Laws 4954, 4954B55 (amended 1999 and 2003)
(current version at Tex. Prob. Code Ann. ' 5A(b)
(Vernon Supp. 2008)).  Thus, under
probate code section 5A, county courts at law do not have jurisdiction over
matters involving a testamentary trust, but statutory probate courts and
district courts do.








District courts also possess statutory
jurisdiction over testamentary trusts via Texas Property Code section
115.001.  That section provides that
district courts have original and exclusive jurisdiction over all proceedings
concerning trusts, including proceedings to (1) construe a trust instrument;
(2) determine the law applicable to a trust instrument; (3) appoint or remove a
trustee; (4) determine the powers, responsibilities, duties, and liability of a
trustee; (5) ascertain beneficiaries; (6) make determinations of fact affecting
the administration, distribution, or duration of a trust; (7) determine a question
arising in the administration or distribution of a trust; (8) relieve a trustee
from any or all of the duties, limitations, and restrictions otherwise existing
under the terms of the trust instrument or of this subtitle; (9) require an
accounting by a trustee, review trustee fees, and settle interim or final
accounts; and (10) surcharge a trustee. 
Tex. Prop. Code Ann. ' 115.001(a)
(Vernon Supp. 2008).








Here, the parties asked the county court at law
to make determinations regarding Damon=s
trust.  The parties, however, could not
by agreement or by requests for relief confer jurisdiction on the county court
at law over these trust matters.[8]  See Wilmer-Hutchins ISD v. Sullivan,
51 S.W.3d 293, 294 (Tex. 2001); In re Soefje, No. 04-05-00140-CV, 2005
WL 1277754, at *3 (Tex. App.CSan
Antonio June 1, 2005, orig. proceeding) (both stating that subject matter
jurisdiction cannot be conferred by agreement, estoppel, or judicial
admissions).  The county court at law was
thus without statutory authority to exercise jurisdiction over Damon=s trust
and to allow Osborne to withdraw as trustee, thereby relieving Osborne of any
or all of the duties, limitations, and restrictions otherwise existing under
the terms of the trust.  See Tex.
Prop. Code Ann. ' 115.001(a)(8); see also
Schuele v. Schuele, 119 S.W.3d 822, 825 (Tex. App.CSan
Antonio 2003, no pet.) (holding that county court at law did not have
jurisdiction over case involving a testamentary trust when pleadings requested
an accounting of the testamentary trust). 
The county court at law thus did not have subject matter jurisdiction or
jurisdiction to render portions of the particular orders at issue, and its
orders are void to the extent it ruled on matters related to the trust.  See Mapco, Inc. v. Forrest, 795 S.W.2d
700, 703 (Tex. 1990).[9]  We therefore sustain Damon=s fifth,
sixth, and seventh issues.








                                          IV.  CONCLUSION

Having sustained Damon=s fifth,
sixth, and seventh issues,[10]
we (1) vacate that portion of the county court at law=s order
allowing Osborne to withdraw as trustee and dismiss for lack of jurisdiction,
(2) vacate that portion of the county court at law=s
dismissal order that rules on the trust matter and dismiss for lack of
jurisdiction, (3) affirm that portion of the county court at law=s order
allowing Osborne to withdraw as attorney for Wood, and (4) affirm that portion
of the county court at law=s
dismissal order that transfers the no-longer-contested probate proceeding back
to the constitutional county court.

 

SUE
WALKER

JUSTICE

 

PANEL:  CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

 

DELIVERED:  April 9, 2009











[1]Only Osborne filed a
brief with this court.





[2]See Tex. R. App. P. 47.4.





[3]We note that the record
before us stops at APage 4 of 6@ of Damon=s document.  We have not asked that the record be
supplemented because the remainder of that document will not alter the
disposition of this appeal.





[4]Because Damon challenged
the order granting Osborne=s motion to withdraw as trustee in the body of
his appellate brief we construe this argument as a subissue under his challenge
to the dismissal order.  See Perry v.
Cohen, 272 S.W.3d 585, 587B88 (Tex. 2008).





[5]This section has not been
amended since 1993, which is prior to the time the suit at issue was
filed.  We therefore cite to the current
version of the code.





[6]For ease of reference, we
will cite the statutory provisions by their code citations rather than by their
session laws after the session law has been set forth in full.





[7]This particular section
of the statute has not been amended since the underlying suit was filed, so the
current version is applicable.





[8]Appellee John Osborne complains
that Damon has not presented or has waived his jurisdictional complaints.  Jurisdictional complaints, however, may be
raised at any time, including for the first time on appeal.  See Tex. Ass=n of Business v. Tex. Air
Control Bd.,
852 S.W.2d 440, 445 (Tex. 1993) (stating that subject matter jurisdiction is an
issue that may be raised for the first time on appeal).





[9]Because the county court
at law does not have jurisdiction over the matters related to the trust, we
cannot remand the trust issues to the county court at law for transfer to the
district court.  It is up to the parties
to file any trust matters in the district court.





[10]Because these issues are
dispositive of the appeal, we need not reach Damon=s remaining issues.  See Tex. R. App. P. 47.1.