SCHUCHMANN V. SCHUCHMANN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-276-CV

BERNARD SCHUCHMANN APPELLANT

V.

TARA SCHUCHMANN APPELLEE

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

OPINION

------------

Introduction

Bernard Schuchmann appeals from the Denton County probate court’s denial of his plea the jurisdiction and the summary judgment it subsequently granted in favor of his ex-wife, Tara Schuchmann.  The key question is whether the probate court had jurisdiction over Bernard’s postdivorce action to divide community assets allegedly undivided by the divorce decree, which was rendered by a Dallas County district court.  We hold that the probate court lacked jurisdiction and that the summary judgment is therefore void.

Factual and Procedural Background

Bernard and Tara were married in 1981.  Bernard sued Tara for divorce in the 303rd District Court of Dallas County in 2001 (“the divorce litigation”). While the divorce litigation was pending, Bernard sued Tara and others in the probate court of Denton County in connection with two inter vivos trusts established by Bernard’s father and of which Bernard was a beneficiary (“the trust litigation”). 

Tara filed a motion in the probate court to consolidate the two actions by either transferring the divorce litigation to the probate court or transferring the trust litigation to the divorce court.  The probate court ordered the divorce action transferred to the probate court, 
but the order was not enforced and the transfer was not effectuated. 

Bernard, Tara, and the other parties to the trust litigation eventually entered into a settlement agreement that resolved the trust litigation and, in part, the divorce litigation.  The settlement agreement provided, among other things, that Bernard and Tara would submit an agreed final decree of divorce to the divorce court.  The parties agreed that within five days after the divorce court rendered the agreed divorce decree, they would dismiss the trust litigation with prejudice.  The settlement agreement was made contingent upon approval of its terms by the probate court. 

The probate court approved the settlement agreement on September 8, 2003.  There remained a dispute over one party’s entitlement to attorney’s fees; the probate court set that dispute for a hearing in November.  The probate court also conditionally vacated its earlier order transferring the divorce litigation to the probate court:

[The] Transfer Order is hereby vacated in its entirety; provided, however, that in the event that the instant action or the Divorce Action is not dismissed in its entirety as provided in . . . [the] Settlement Agreement, this Agreed Order Vacating Transfer Order shall immediately be and become vacated and made moot, without further action of this Court.
(footnote: 1) 

The divorce court signed the agreed final decree of divorce the next day, September 9, 2003. 

On November 25, the probate court held a hearing on the unresolved attorney’s fees issue.  The probate court signed an order disposing of the issue on December 9, 2003.  The parties never filed the agreed motion to dismiss with prejudice called for by the settlement agreement.

Also on December 9, Bernard filed a postdivorce action in the divorce court, alleging that certain community property had not been divided by the divorce degree because Tara had not disclosed its existence.  The alleged property in question is stock and stock options in a company of which Tara was a director.  Significantly, the stock and stock options are wholly unrelated to the trusts at issue in the trust litigation.

In response to Bernard’s postdivorce action, Tara filed a motion in the probate court on January 13, 2004, to enforce the settlement agreement, claiming that broad language of release in the settlement agreement precluded the postdivorce action and asking the probate court to transfer the postdivorce action to the probate court.  Bernard filed a plea to the jurisdiction in the probate court, arguing that the probate court lacked jurisdiction over the postdivorce action.  The probate court denied his plea and ordered the postdivorce action transferred from the divorce court.  The parties later filed a joint motion in the divorce court to “effectuate” the transfer of the postdivorce action to the probate court. 

Tara filed no-evidence and conventional motions for summary judgment in the probate court, which the probate court granted.  Bernard now appeals both the probate court’s denial of his plea to the jurisdiction and the summary judgment.

Discussion

Plea to the Jurisdiction

In his first issue, Bernard argues that the probate court erred by denying his plea to the jurisdiction.  We agree.

Standard of Review

A plea to the jurisdiction challenges the trial court’s authority to determine the subject matter of the action.
 Tex. Dep’t of Transp. v. Jones
, 8 S.W.3d 636, 638 (Tex. 1999);
 Archibeque v. N. Tex. State Hosp.—Wichita
, 115 S.W.3d 154, 157 (Tex. App.—Fort Worth 2003, no pet.).  Whether the trial court had subject matter jurisdiction is a question of law that we review de novo.  
Univ. of N. Tex. v. Harvey
, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied).  The plaintiff has the burden to plead facts that affirmatively establish the trial court’s subject matter jurisdiction.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993).  Although the claims may form the context in which a plea to the jurisdiction is raised, the plea should be decided without delving into the merits of the case.  
Bland ISD v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000). 

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court’s jurisdiction to hear the case.  
Tex. Dep’t of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 226-27 (Tex. 2004); 
Tex. Ass’n of Bus.
, 852 S.W.2d at 446.  In reviewing a grant of a plea to the jurisdiction, an appellate court must take the allegations of the plaintiff’s petition as true and construe them liberally in the pleader’s favor, looking to the pleader’s intent.  
Miranda
, 133 S.W.3d at 226.  If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder. 
 Id
. at 227-28.  However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.  
Id
. at 288.

Sources of Probate Court Jurisdiction
(footnote: 2)

 The Probate Court of Denton County is a statutory probate court.  
Tex. Gov’t Code Ann.
 § 25.0631(b) (Vernon 2004).  A statutory probate court has concurrent jurisdiction with the district court in all actions involving inter vivos and testamentary trusts.  
Tex. Prob. Code Ann. 
§ 5(e) (Vernon Supp. 2005).  In addition, a statutory probate court “has jurisdiction over any matter appertaining to an estate or incident to an estate.”  
Id.
 § 5(h).  Finally, “[a] statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy.”  
Id. 
§ 5(i).

Analysis

The first step in answering the question presented by this appeal is to define what the question is and what it is not.  The question is not whether the probate court had concurrent jurisdiction over the original divorce action.  The original divorce action was concluded by the agreed decree of divorce, and Bernard’s postdivorce division suit is a new lawsuit.  
See
 
Tex. Fam. Code Ann.
 § 9.201(a) (Vernon 1998).  Rather, the question is whether the probate court had jurisdiction over Bernard’s new, postdivorce lawsuit to divide the stock and stock options—assets unrelated to the trusts at issue in the probate court litigation.  With this question in mind, we examine the provisions of probate code section 5 as potential sources for the probate court’s jurisdiction over the postdivorce lawsuit.

Section 5(e):  Inter Vivos Trust Jurisdiction

Section 5(e) confers on the probate court concurrent jurisdiction with the district court over suits involving an inter vivos trust.  
Tex. Prob. Code Ann. 
§ 5(e).  While the original divorce action may have implicated the inter vivos trusts at issue in the probate litigation, the postdivorce division action has nothing to do with the trusts.  Therefore, section 5(e) does not provide a basis for probate court jurisdiction over the postdivorce division action.

Section 5(h):  “Appertaining or Incident” Jurisdiction

Section 5(h) extends the probate court’s jurisdiction to matters appertaining or incident to an 
estate
.  “‘Estate’ denotes the real and personal property of a decedent.”  
Id
.
 § 3(l) (Vernon 2003).  The trust litigation concerned an inter vivos trust, not an estate.  Because there is no “estate” involved in this case, section 5(h) has no application.

Section 5(i):  “Pendant and Ancillary” Jurisdiction

Typically, probate courts exercise pendant or ancillary jurisdiction when a close relationship exists between the nonprobate claims and the matter pending in the probate court.  
Shell Cortez Pipeline Co. v. Shores
, 127 S.W.3d 286, 294 (Tex. App.—Fort Worth 2004, no pet.).
  
That is, probate courts exercise their pendant or ancillary jurisdiction over nonprobate matters only when doing so will aid in the efficient administration of a matter pending in the probate court.  
Id.
 at 294-95.

This case is complicated by its procedural history leading up to the settlement agreement and divorce decree, and we will take that history into account.  But the fundamental question before us is whether there was a close relationship between the trust litigation and the stock and stock options at issue in the postdivorce action such that the probate court’s exercise of jurisdiction will aid it in the efficient administration of the trust litigation.  We hold that the answer is “no.”

First, there is no relationship between the postdivorce action and the trust litigation, other than the fact that Bernard and Tara are parties to both lawsuits.  While the original divorce litigation included trust-related issues that may have justified the probate court’s exercise of pendant or ancillary jurisdiction, there are no such issues at stake in the postdivorce action to partition the stock.

Second, the probate court’s exercise of jurisdiction over the postdivorce action would not aid in the efficient administration of the trust litigation because the trust litigation is settled.  The only thing left to be done is to enter the agreed dismissal of the trust litigation as specified in the settlement agreement.  Indeed, the probate court’s exercise of jurisdiction in this case would lead to the 
inefficient 
administration of the trust litigation by protracting litigation that is otherwise ripe for dismissal.

Tara points to the conditional language in the probate court’s order vacating its earlier order that transferred the divorce action to the probate court and argues that the parties’ failure to dismiss the probate litigation revived the former transfer order.  In essence, she argues that the question before us is whether the probate court had jurisdiction over the divorce action when it first transferred the divorce action to itself, not whether the probate court now has jurisdiction over the postdivorce action.  We disagree.

The probate court vacated its earlier transfer order on September 8, 2003, on the condition that the parties dismiss the probate litigation and the divorce litigation as specified in the settlement agreement.  But the settlement agreement called for rendition of a final divorce decree, rather than dismissal, in the divorce litigation.  The settlement agreement did call for dismissal of the probate litigation within five days of the date of the divorce decree.  The divorce court rendered its divorce decree on September 9.  It is undisputed that the parties did not dismiss the probate litigation within five days of September 9.  Thus, argues Tara, the probate court’s original transfer order was automatically revived, and the divorce litigation was effectively transferred back to the probate court.

The problem with Tara’s argument is that there was nothing of the divorce litigation left to transfer to the probate court after the divorce court signed the final decree of divorce.  Moreover, as a practical matter, the probate litigation could not be dismissed in September because the probate court did not resolve the outstanding attorney’s fee issue until December, by which time the divorce decree was final and beyond even the divorce court’s plenary power.  
See 
Tex. R. Civ. P.
 329b (setting out deadlines for exercise of trial court’s plenary power over judgments).  Thus, whether the probate court had jurisdiction over the divorce litigation is moot because that litigation was resolved by the divorce decree.

Tara also argues that the probate court has jurisdiction over the postdivorce action because the settlement agreement, which was approved by the probate court, purported to divide certain specific assets also divided by the divorce decree.
(footnote: 3)  Reading between the lines, we interpret Tara’s argument to be that the probate court has jurisdiction over the postdivorce action under section 9.203(a) of the family code, which provides as follows:

If a court of this state failed to dispose of property subject to division in a final decree of divorce or annulment even though the court had jurisdiction over the spouses or over the property, the court shall divide the property in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

Tex. Fam. Code Ann.
 § 9.203(a) (Vernon 1998).  The plain meaning of the statute is to confer jurisdiction over a postdivorce action to divide assets on the court that rendered the final decree of divorce.  While the probate court may have had jurisdiction over the parties and the undivided property, it did not render the final decree of divorce.  Therefore, section 9.203(a) does not confer jurisdiction over the postdivorce action on the probate court.

Finally, Tara argues that Bernard has waived his jurisdictional complaint for several reasons.  We need not address her waiver arguments except to note that subject matter jurisdiction cannot be waived. 
 See Taylor Elec. Servs., Inc. v. Armstrong Elec. Supply Co.,
 167 S.W.3d 522, 529 (Tex. App.—Fort Worth 2005, no pet.) (citing 
Tex. Ass’n of Bus.
, 852 S.W.2d at 443);
 see also In re John G. and Marie Stella Kenedy Mem’l Found.
, 159 S.W.3d 133, 145 (Tex. App.—Corpus Christi 2004, no pet.) (citing 
Wilmer-Hutchins ISD v. Sullivan
, 51 S.W.3d 293, 294 (Tex. 2001)) (“Jurisdiction of the court cannot be acquired by estoppel or waiver.”).

We hold that the probate court lacked jurisdiction over Bernard’s postdivorce action.  We sustain Bernard’s first issue.

Summary Judgment

In his second issue, Bernard contends that the trial court erred by granting summary judgment in Tara’s favor.  Because the probate court lacked jurisdiction over Bernard’s postdivorce claims, its summary judgment on those claims is void.  
See State ex rel. Latty v. Owens
, 907 S.W.2d 484, 485 (Tex. 1995).  Therefore, we need not address Bernard’s second issue.  
See
 
Tex. R. App. P.
 47.1.

Tara’s Motion for Damages for Frivolous Appeal

After this case was submitted, Tara filed her “Motion for Damages for Frivolous Appeal and, Alternatively, to Reopen the Trial Court Record,” arguing that Bernard’s jurisdictional issue was frivolous, requesting attorney’s fees as a sanction, and seeking to supplement the trial court record with additional evidence of attorney’s fees incurred in this appeal.  Because we have resolved Bernard’s jurisdictional issue in his favor, we deny Tara’s motion.

Conclusion

Having sustained Bernard’s first issue, we vacate the probate court’s void summary judgment, sustain Bernard’s plea to the jurisdiction, and remand the case to the probate court with instructions to make orders as necessary to transfer the case back to the 303
rd
 District Court in Dallas County.  
See
 
Tex. R. App. P.
 43.2(e).  We deny Tara’s Motion for Damages for Frivolous Appeal and, Alternatively, to Reopen the Trial Court Record.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DELIVERED:  March 16, 2006

FOOTNOTES
1:
It is not clear from the probate court’s order, and the parties do not explain on appeal, why the order called for the divorce action to be dismissed when the settlement agreement contemplated not dismissal but rendition of a final divorce decree.

2:
“Texas probate jurisdiction is, to say the least, somewhat complex.”  
Palmer v. Coble Wall Trust Co., 
851 S.W.2d 178, 180 n.3 (Tex. 1992).

3:
The settlement agreement and the agreed divorce decree both contained provisions relating to the trusts, the “Drexel house,” and a RAV4 motor vehicle.  We note, however, that section 10(C) of the settlement agreement explicitly states that it does not supercede the terms of the divorce decree.