

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00168-CV

———————————————

M.B., INDIVIDUALLY AND AS NEXT FRIEND OF I.C., Appellant

V.

S.C., Appellee

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-285252-16

Before Sudderth, C.J.; Gabriel and Bassel, JJ.
Memorandum Opinion by Justice Gabriel
Dissenting Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

In this permissive appeal we are asked to decide whether the trial court that rendered a final divorce decree (the divorce court) has exclusive jurisdiction to determine a postdecree action to divide community property that was not divided in the decree or whether such an action may be filed as a partition action in a different court. Based on the plain language of the pertinent Family Code provisions, we conclude that the divorce court does not have exclusive jurisdiction over such an action, allowing an aggrieved party to file a partition action in a different trial court.

## I. BACKGROUND

In 2012, appellant M.B. (Wife) filed a petition for divorce against S.C. (Husband). On December 13, 2013, Husband and Wife executed an agreement incident to divorce (AID), arising from a mediated settlement agreement (MSA). *See* Tex. Fam. Code Ann. § 7.006. The MSA, which allegedly was incorporated into the AID, apparently divided several real-estate interests that Husband had disclosed in an inventory as being part of the community estate.[1] *See, e.g.*, *id.* § 6.502(a)(1). The AID included a tail provision regarding undivided real-estate interests: "In the event [Husband], The Woodmont Company, or any related entity had an interest in any real estate on October 15, 2013, (Date of the MSA) that had not closed as of that date,

---

[1]Neither the MSA nor the complete AID is included in the appellate record.

[Son and Daughter[2]] shall each have a 12.5% profit interest in such a transaction(s) that close[s] within 24 months following October 15, 2013." The divorce court approved and incorporated the AID into an agreed, final divorce decree. In the decree, the divorce court expressly reserved the right to make clarification orders and to enforce the decree. *See id.* §§ 9.002, 9.008

Three years later, Wife filed suit against Husband in a civil district court (the district court), asserting that four community-estate, real-estate partnerships had not been included in Husband's inventory and, therefore, had not been divided by the divorce court.[3] Wife raised claims for (1) breach of the MSA, the AID, and the divorce decree by "failing to divide" and "refusing to convey" the profits to Son and Daughter in the real-estate transactions closed by the partnerships after the date of the MSA pursuant to the tail provision; (2) money had and received (MHAR) for failing to distribute to Wife "at least half" of the $700,000 in distributions attributable to one of the partnerships; (3) a declaratory judgment that Daughter was entitled to a 12.5% interest in the partnership interests and that Wife has "at least a 50% interest" in the

---

[2]Son was born in 1996, and Daughter was born in 2000. The parties continue to use aliases to identify them, and we will follow suit. *Se* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.9(a)(3).

[3]The partnerships were "(i) Woodmont Duncanville, LP; (ii) Woodmont Southlake, LP; (iii) an entity in Bismarck, North Dakota; and (iv) a Walgreens development in East Dallas." Husband swore in an affidavit that there were only two partnerships subject to the tail provision in the AID: Woodmont Duncanville and Woodmont Southlake.

3

four partnerships; and (4) a partition of the undivided community partnership interests.[4] Tex. Civ. Prac. & Rem. Code Ann. §§ 37.003–.004; Tex. Prop. Code Ann. § 23.001. In her partition claim, Wife alleged that she and Husband, during their marriage, obtained partnership interests in four partnerships. But because they were not divided in the final decree or the AID, Wife asserted that she and Husband remained joint owners of the partnership interests. Wife requested a partition of these jointly owned interests based on her community-estate share.

Husband filed a plea to the jurisdiction regarding Wife's MHAR, declaratory-judgment, and partition claims and argued that the divorce court, not the district court, had exclusive jurisdiction under the Family Code to divide undivided community assets postdecree. *See* Tex. Fam. Code Ann. §§ 9.201, 9.203. Wife responded that the Family Code does not vest exclusive subject-matter jurisdiction in the divorce court, allowing her to choose her remedy and court. The district court granted Husband's plea to the jurisdiction and dismissed for lack of jurisdiction Wife's claims for partition, for a declaratory judgment, and for MHAR involving "the alleged undivided properties." The district court granted Wife's unopposed motion to file a permissive appeal, finding that whether Family Code Section 9.201 provides the

---

[4]Based on Husband's refusal to allow Wife to transfer her interest in a business entity that had been divided in the divorce, Wife also raised a breach-of-contract claim against the business entity. This claim remains pending in the district court along with Wife's claim against Husband for breach of the MSA, the AID, and the divorce decree. These claims are not at issue in this permissive appeal.

4

exclusive remedy to divide previously undivided community property is a controlling question of law as to which there is a substantial difference of opinion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). But the district court identified only the partition claim brought under the Property Code as part of the controlling question and did not identify the declaratory-judgment or MHAR claims.[5] *See* Tex. R. Civ. P. 168. Therefore, although we granted the petition, we will confine ourselves to a determination of jurisdiction over Wife's partition claim, as identified by the district court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(f); Tex. R. App. P. 28.3(k); *see also Lakes of Rosehill Homeowners Assoc. v. Jones*, 552 S.W.3d 414, 418 (Tex. App.— Houston [14th Dist.] 2018, no pet.).

## II. JURISDICTION TO PARTITION

By urging a plea to the jurisdiction, Husband asserted that the district court lacked subject-matter jurisdiction over Wife's partition claim. Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *Harris Cty.*

---

[5]The district court clearly limited the controlling question to Wife's claims under the Property Code:

> Does the Court which rendered a decree of divorce have exclusive jurisdiction under Texas Family Code Secs. 9.201–203 to make a post-divorce division of community property when the Court which issued the decree had jurisdiction of the parties and the alleged property at the time of the decree? Or, does a district court hold jurisdiction over a cause of action brought under Texas Property Code § 23.001 *et seq.* to divide community property that was not divided in the divorce?

The parties likewise limit their appellate arguments to Wife's partition claim.

5

*v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018). In this review, we are guided solely by the allegations in Wife's petition, taking them as true and construing them in her favor.[6] *See Tex. Dep't of Crim. Justice v. Rangel*, No. 18-0721, 2020 WL 596876, at \*4 (Tex. Feb. 7, 2020). Wife had the burden to allege facts affirmatively showing that the district court had subject-matter jurisdiction over her partition claim. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

A district court has "exclusive, appellate, or original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by [the Texas] Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8. In addition to this constitutional jurisdiction, the Legislature has provided that district courts "may hear and determine any cause that is cognizable by courts of law or equity." Tex. Gov't Code Ann. § 24.008. Thus, the district court here had jurisdiction over Wife's partition action unless exclusive jurisdiction had been conferred on the divorce court. *See Huey-You v. Kimp*, No. 02-16-00172-CV, 2018 WL 359633, at \*2 (Tex. App.—Fort Worth Jan. 11, 2018, pet. denied) (mem. op.).

Pointing to the absence of any exclusivity terms in the plain language of the Family Code, Wife argues that she could choose between two available remedies—a

---

[6]Husband did not challenge the existence of jurisdictional facts in his plea; thus, we do not consider any submitted evidence. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).

common-law right to partition the assets under Property Code Section 23.001 or a just and right division under Family Code Sections 9.201(a) and 9.203(a). Husband responds that the plain meaning of Section 9.203(a) confers exclusive jurisdiction on the divorce court to divide undivided community-estate assets.

The Family Code provides a remedy, subject to a just-and-right-division standard, if community-estate assets were not divided in the divorce decree: "Either former spouse may file a suit as provided by [Sections 9.201–.205] to divide property not divided or awarded to a spouse in a final decree of divorce or annulment." Tex. Fam. Code Ann. § 9.201(a); *see also id.* §§ 7.001, 9.203(a). Interpreting similar "may" language in a decree-enforcement action under Section 9.001(a), we held that subject-matter jurisdiction was permissive and not mandatory or exclusive based on its language that a party "*may* request enforcement of that decree by filing a suit to enforce." *Huey-You*, 2018 WL 359633, at *2 (quoting and emphasizing Tex. Fam. Code Ann. § 9.001(a)). We pointed out that other Family Code provisions expressly provided for continuing, exclusive jurisdiction but that similar language was not included in Section 9.001(a). *Id.* (referring to Sections 9.101(a) and 155.001 and the express grant of "continuing, exclusive jurisdiction" in those sections).

Similarly, Section 9.201(a) contains no language mandating exclusive jurisdiction in the divorce court. *See generally* 33 John F. Elder, *Texas Practice: A Quick Reference Guide to the Family Code* § 10:27 (2019) ("Prior to [the passage of Sections 9.201–.205 in] 1987, the method available to accomplish the division of undivided

property was a suit to partition, and this method seems to remain as an available option . . . .").  Instead, Section 9.201(a) provides that a former spouse "**may** file a suit" in the divorce court, which is permissive, and includes no exclusivity language even though the Legislature included such language in other Family Code provisions. Tex. Fam. Code Ann. § 9.201(a) (emphasis added); *cf. Huey-You*, 2018 WL 359633, at *2.  Because our first and best statutory-interpretation tool is the statute's plain language, *see Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019), we conclude that the Legislature did not intend to vest exclusive jurisdiction in the divorce court when enacting this division remedy under the Family Code.  *See Haas v. Otto*, 392 S.W.3d 290, 292 (Tex. App.—Eastland 2012, no pet.); *Mayes v. Stewart*, 11 S.W.3d 440, 448 (Tex. App.—Houston [14th Dist.] 2000, pet. denied), *disapproved of on other grounds by Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 145 (Tex. 2019); *Phillips v. Phillips*, 951 S.W.2d 955, 957 (Tex. App.—Waco 1997, no pet.).[7]

Husband argues that the "shall" language in Section 9.203(a) regarding a divorce court's duty to divide undivided property under a just-and-right rubric shows that the Legislature's intent was to vest exclusive jurisdiction over postdecree divisions in the court that rendered the divorce decree.  He relies on this court's opinion in

---

[7]Other courts have held that Section 9.201's predecessor supplanted the common law such that a just and right division applied to a postdecree suit to partition undivided community property held as joint owners. *See, e.g., In re Marriage of Moore*, 890 S.W.2d 821, 839–40 (Tex. App.—Amarillo 1994, no writ).  But as Wife points out, these cases do not address whether Section 9.201 vests exclusive jurisdiction of such a suit in the court that rendered the divorce decree.

*Schuchmann v. Schuchmann*, 193 S.W.3d 598 (Tex. App.—Fort Worth 2006, pet. denied). There, a husband sued for divorce in a divorce court and then sued his wife and others in a probate court in connection with inter vivos trusts that had been established by the husband's father. *Id.* at 600. After the divorce was final, the ex-husband filed a postdecree action in the divorce court under Section 9.201(a), alleging that certain community property had not been divided in the decree. *Id.* at 601. The ex-wife asked the probate court to transfer the ex-husband's postdecree action to the probate court, but the ex-husband argued the probate court did not have jurisdiction over that action. *Id.* After the probate court transferred ex-husband's postdecree action to itself and denied his plea to the jurisdiction, we concluded that there was no relationship between the probate court's ancillary jurisdiction over the inter vivos trusts and the ex-husband's postdecree action under Section 9.201(a). *Id.* at 603. Thus, we held that the probate court lacked jurisdiction over the ex-husband's postdecree action, which he had filed in the divorce court as allowed under Section 9.201(a). *Id.* at 605.

But here, Wife, as did the ex-husband in *Schuchmann*, picked her forum. This forum prevails unless Husband can establish exclusive jurisdiction in the divorce court. Our holding in *Schuchmann* does not establish that exclusive jurisdiction over an action under Section 9.201(a) resides in the divorce court; *Schuchmann* addressed whether a probate court's transfer was proper under the statute governing the probate court's jurisdiction.

9

We recognize that a "dealer's choice" interpretation under these circumstances triggers several ancillary consequences:

> The Family Code provisions offer some advantages. They permit a just and right division, permitting the court to consider the customary reasons to divide property equally or unequally. The statutes also permit recovery of attorney fees. On the other hand, a suit to partition does not authorize attorney fees, presupposes a tenancy in common, suggesting a 50–50 division, and requires a division in kind if possible. One disadvantage of the Family Code provisions is the existence of a two-year statute of limitations which does, however, have a tolling provision.

Elder, *supra* at § 10:27. But these differences do not overcome the plain, permissive language of Section 9.201 and do not lead to an absurd result. *See Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011) ("The plain meaning of text is the best expression of legislative intent unless . . . the plain meaning leads to absurd or nonsensical results."). The tension between a postdecree division action and a partition action reveals no more than the Legislature's prerogative to enact statutes as well as its power to address any unintended or unacceptable consequences. *See id.* at 414–15 ("It is the Legislature's prerogative to enact statutes; it is the judiciary's responsibility to interpret those statutes according to the language the Legislature used . . . ."); *McIntyre v. Ramirez*, 109 S.W.3d 741, 748 (Tex. 2003) ("Our role . . . is not to second-guess the policy choices that inform our statutes or to weigh the effectiveness of their results; rather, our task is to interpret those statutes in a manner that effectuates the Legislature's intent.").

### III. CONCLUSION

We conclude that the district court had subject-matter jurisdiction over Wife's partition action because the plain language of Family Code Section 9.201 does not vest exclusive jurisdiction of a postdecree division action in the divorce court. Therefore, the district court erred by granting Husband's plea to the jurisdiction regarding Wife's partition claim. We reverse that portion of the district court's amended order granting Husband's plea to the jurisdiction as to Wife's partition claim and remand that claim to the district court with instructions to deny this portion of Husband's second plea to the jurisdiction and for further proceedings. *See* Tex. R. App. P. 43.2(d), 43.3(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: April 9, 2020