**Opinion filed August 31, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00187-CV

_____

## IN RE ESTATE OF MICHAEL ALLEN HALLMARK, DECEASED

**On Appeal from the County Court at Law**
**Erath County, Texas**
**Trial Court Cause No. P09446**

### O P I N I O N

This is an interlocutory appeal from an order appointing a receiver for a partnership. This appeal requires us to determine the statutory basis for a county court at law, sitting as a probate court, to appoint a receiver for a Texas partnership. Because a Texas partnership is a "domestic entity" under the Texas Business Organizations Code, we conclude that the receivership provisions set out in that code provide the exclusive statutory basis for appointing a receiver for a Texas partnership. We further conclude that the trial court's order appointing a receiver constitutes a rehabilitative receivership, and as such, the trial court was without authority to enter it.

The decedent, Michael Allen Hallmark, was a partner in the Hallmark Ranch partnership with his siblings, Appellant Marvin Lee Hallmark and Appellee Katherine (Kathy) Hallmark. The independent executrix of Michael's estate, Appellee Rachael Holloway, instituted the underlying suit as an "ancillary" action to the probate proceeding for the purpose of obtaining a declaratory judgment to declare the Estate's rights in the partnership. She named Marvin and Kathy as defendants to the declaratory judgment action based upon their status as partners of the Hallmark Ranch partnership.[1]

Kathy filed a cross-claim against Marvin and the Hallmark Ranch partnership. She asserted that Marvin had engaged in mismanagement in operating the partnership. Kathy sought the appointment of a receiver over the partnership. This appeal arises from the trial court's order granting Kathy's request to appoint a receiver. Marvin challenges the order in a single issue. We reverse and remand.

*Background Facts*

In 2003, the decedent, Marvin, and Kathy executed a written partnership agreement forming a general partnership for the assets of Hallmark Ranch. All three siblings are general partners under the partnership agreement and own a one-third share of the partnership. The partnership's revenue comes from raising cattle and oral hunting leases that renew annually.

The partnership did not have full-time employees. The decedent lived at the ranch, but Marvin and Kathy lived in other areas of Texas. Before December 2016, the decedent and Marvin operated the ranch operations together. Marvin traveled to the ranch on weekends to help the decedent run the ranch.

---

[1]Holloway also named her siblings as parties to the action by virtue of their status as beneficiaries of the Estate and possible successors-in-interest to the decedent's partnership interest.

The decedent died on December 4, 2016. The next day, Marvin changed the locks to the house on the ranch. Three days after the decedent's death, Marvin transferred $80,000 from the partnership's bank account into his personal account to "protect assets of the ranch." Marvin did both without consulting Kathy. After Kathy confronted Marvin, Marvin gave Kathy a new key and transferred the money back into the partnership account in several installments over five months. Marvin changed the locks again in November 2017 and did not provide Kathy with a key until after this suit was filed.

Marvin, Kathy, and Holloway[2] testified at the hearing on Kathy's receivership application. Marvin generally testified that the partnership operations have not changed significantly since the decedent died. Kathy testified that the fences at the ranch have fallen into disrepair over the last few years. Kathy also testified that "the cattle haven't been fed as they were in the beginning of the partnership." Kathy further testified that she has "always" disagreed with several of Marvin's and the decedent's decisions regarding the partnership. Kathy disagrees with the need for grass leases that the partnership has had on neighboring land. Kathy also disagrees with the decision to not carry liability insurance for the hunters who have hunting leases on the ranch.

The trial court granted Kathy's application for a receiver. At Marvin's request, the trial court entered findings of fact and conclusions of law. In its conclusions of law, the trial court indicated that it appointed a receiver under Section 64.001(a)(3) of the Texas Civil Practice and Remedies Code and, alternatively, under Section 11.403 of the Texas Business Organizations Code.

---

[2]Holloway filed an amended petition on the day prior to the hearing wherein she joined Kathy's request for the appointment of a receiver.

*Analysis*

"Receivership is an extraordinarily harsh remedy and one that courts are particularly loathe to utilize." *Spiritas v. Davidoff*, 459 S.W.3d 224, 232 (Tex. App.—Dallas 2015, no pet.) (quoting *Hillwood Inv. Props. III, Ltd. v. Radical Mavericks Mgmt., LLC*, No. 05-11-01470-CV, 2014 WL 4294968, at *3 (Tex. App.—Dallas Aug. 21, 2014, no pet.) (mem. op.)). Even if a specific statutory provision authorizes a receivership, a trial court should not appoint a receiver if another remedy exists, either legal or equitable. *Benefield v. State*, 266 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2008, no pet.). "Rather, receivership is warranted only if the evidence shows a threat of serious injury to the applicant." *Id.*

Pursuant to Section 51.014(a)(1) of the Civil Practice and Remedies Code, we have appellate jurisdiction to consider an interlocutory appeal of an order appointing a receiver. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(1) (West Supp. 2019). Our review focuses on whether the pleadings and evidence are sufficient to justify a receivership. *Benefield*, 266 S.W.3d at 31 (citing *Covington Knox, Inc. v. State*, 577 S.W.2d 323, 325 (Tex. App.—Houston [14th Dist.] 1979, no writ)).

We review a trial court's order appointing a receiver for an abuse of discretion. *Spiritas*, 459 S.W.3d at 231; *Benefield*, 266 S.W.3d at 31. Under this standard, we may not substitute our judgment on factual matters for that of the trial court unless it is clear from the record that the trial court could reach only one decision. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). However, a trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* at 840. "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. . . ." *Id.*

In his sole issue, Marvin asserts that the trial court abused its discretion by entering the order appointing a receiver. However, an issue has arisen in the briefs that have been filed on appeal concerning the trial court's jurisdiction to enter the

4

receivership order. As set forth below, we conclude that this jurisdictional issue is dispositive. Accordingly, we do not reach Marvin's issue that challenges the receivership order on the merits.

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Subject-matter jurisdiction is never presumed and cannot be waived. *Id.* at 443–44. Subject-matter jurisdiction is an issue that may be raised for the first time on appeal. *Id.* at 445. Because subject-matter jurisdiction is a question of law, we review it de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

"Texas probate jurisdiction is, to say the least, somewhat complex." *Palmer v. Coble Wall Tr. Co.*, 851 S.W.2d 178, 180 n.3 (Tex. 1992). "Statutory county courts are not courts of general jurisdiction 'with the power to hear and determine any cause that is cognizable by courts of law or equity.'" *Eris v. Giannakopoulos*, 369 S.W.3d 618, 623 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd) (quoting *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006) (describing general jurisdiction of district courts)). As a statutory county court, the County Court at Law of Erath County has original probate jurisdiction. *See* TEX. GOV'T CODE ANN. § 25.0003(d) (West Supp. 2019); TEX. EST. CODE ANN. § 32.002(b) (West 2014); *see also Saari v. Key Energy Servs., Inc.*, No. 11-17-00012-CV, 2018 WL 2973338 (Tex. App.—Eastland June 7, 2018, pet. denied).

Holloway asserted in her petition that the trial court had ancillary jurisdiction to consider her request for a declaratory judgment concerning the Estate's interest in the Hallmark Ranch partnership. "A probate court may exercise pendent and ancillary jurisdiction as necessary to promote judicial efficiency and economy." EST. § 32.001(b). "Typically, probate courts exercise ancillary or pendent jurisdiction when a close relationship exists between the non-probate claims and the claims against the estate." *Narvaez v. Powell*, 564 S.W.3d 49, 57 (Tex. App.—

El Paso 2018, no pet.). In reviewing a probate court's exercise of pendent and ancillary jurisdiction, "the fundamental question . . . is whether there was a close relationship between [the non-probate claims and the probate proceeding] such that the probate court's exercise of jurisdiction will aid it in the efficient administration of the [estate]." *Schuchmann v. Schuchmann*, 193 S.W.3d 598, 603 (Tex. App.—Fort Worth 2006, pet. denied). A probate court has jurisdiction "to resolve ancillary claims against third parties only to the extent that such claims were necessary to resolve claims within its original jurisdiction." *Goodman v. Summit at W. Rim, Ltd.*, 952 S.W.2d 930, 934 (Tex. App.—Austin 1997, no pet.) (applying the predecessor to Section 32.001(b) of the Texas Estates Code).

The trial court clearly had ancillary probate jurisdiction to consider Holloway's claim for declaratory relief because it was premised on her request to determine the Estate's interest in the Hallmark Ranch partnership, a claim which would aid in the efficient administration of the Estate. *See Schuchmann*, 193 S.W.3d at 603. The trial court's jurisdiction to consider Kathy's cross-action against Marvin concerning the governance of the partnership is not as clear-cut. However, the evidence offered at the hearing on Kathy's request for a receivership indicates that her claims against Marvin concerning the operation of the Hallmark Ranch partnership will aid in the administration of the Estate by preserving what likely is the largest asset of the Estate—the Estate's interest in the Hallmark Ranch partnership.

The jurisdictional issue in this case concerns the authority of a county court at law, sitting as a probate court, to enter an order for a receivership of a Texas partnership. Jurisdiction is a concern in light of Section 11.402 of the Texas Business Organizations Code. TEX. BUS. ORGS. CODE ANN. § 11.402 (West 2020). Under Section 11.402(b), only a district court has jurisdiction to appoint a receiver for the property and business of a domestic entity for the purpose of rehabilitating

6

the entity as provided by Section 11.404 or to appoint a receiver to liquidate a domestic entity under Section 11.405. *Id.* §§ 11.402(b), 11.404, 11.405. Marvin asserts that the trial court's order appointing a receiver constitutes a rehabilitative receivership under Section 11.404 and that, as such, the trial court did not have jurisdiction to enter it. We agree.

The resolution of this jurisdictional issue is complicated by the fact that there are two sets of statutes that appear to permit the appointment of a receiver for a Texas partnership: Section 64.001(a)(3) of the Civil Practice and Remedies Code and Chapter 11, subchapter I of the Business Organizations Code. *See* CIV. PRAC. & REM. § 64.001(a)(3) (West 2008); BUS. ORGS. §§ 11.401–.414.

In its conclusions of law, the trial court stated that it issued the receivership order under Section 64.001(a)(3) of the Civil Practice and Remedies Code or, alternatively, under Section 11.403 of the Business Organizations Code. In an appeal from an interlocutory order appointing a receiver, the trial court may file findings and conclusions but is not required to file them. *Mueller v. Beamalloy, Inc.*, 994 S.W.2d 855, 858 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (citing TEX. R. APP. P. 28.1). Thus, findings and conclusions for an order appointing a receiver do not carry the same weight as findings and conclusions from a bench trial. *Id.* Instead, the nature of an interlocutory order is determined from its characteristics and function, not its title or form or the manner in which the parties characterize it. *In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 205 (Tex. 2002) (orig. proceeding); *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992).

Statutory construction is a question of law that we review de novo. *Atmos Energy Corp. v. Cities of Allen*, 353 S.W.3d 156, 160 (Tex. 2011). "'Our task is to effectuate the Legislature's expressed intent'[;] it is not to impose our personal policy choices or 'to second-guess the policy choices that inform our statutes or to weigh the effectiveness of their results.'" *Ritchie v. Rupe*, 443 S.W.3d 856, 866

7

(Tex. 2014) (first quoting *In re Allen*, 366 S.W.3d 696, 703 (Tex. 2012) (orig. proceeding); then quoting *Iliff v. Iliff*, 339 S.W.3d 74, 79 (Tex. 2011)). We focus on the words of the statute because "[l]egislative intent is best revealed in legislative language." *In re Office of Att'y Gen.*, 422 S.W.3d 623, 629 (Tex. 2013) (orig. proceeding).

Section 11.401 of the Business Organizations Code provides that "[a] receiver may be appointed for a domestic entity or for a domestic entity's property or business only as provided for and on the conditions set forth in this code." BUS. ORGS. § 11.401; *see also id.* § 1.002(18) (defining "domestic entity" under the Business Organizations Code as "an organization formed under or the internal affairs of which are governed by this code"). It is undisputed that the partnership is a domestic entity.

In *King Commodity Co. of Texas v. State*, the Dallas Court of Appeals interpreted substantially similar language in Section 11.401's predecessor statute. 508 S.W.2d 439, 445–46 (Tex. App.—Dallas 1974, no writ). The court rejected the State's argument that the similar language of the predecessor statute did not make the statute exclusive. *Id.* at 446. Writing for the court, Justice Guittard stated that the statutory language "could hardly be more explicit or more clearly mandatory." *Id.* The court further concluded that Section 64.001's predecessor statute was a more general statute governing receiverships and that it applies to receiverships that were not subject to Section 11.401's predecessor statute. *Id.*

We interpret the mandatory language of Section 11.401 in the same manner. It explicitly provides that a receiver for a domestic entity may only be appointed "as provided for and on the conditions set forth in this code." BUS. ORGS. § 11.401. While Section 64.001(a)(3) provides that a court may appoint a receiver "in an action between partners," this statute must yield to the receivership provisions set out in the Business Organizations Code because of the mandatory, exclusive language of Section 11.401. *See King Commodity*, 508 S.W.2d at 446.

We disagree with Kathy's contention that the trial court was permitted to issue the receivership order under Section 64.001 because it was sitting as a probate court. We note that some appellate courts have addressed the appointment of a receiver for a domestic entity by a probate court under Section 64.001. *See In re Estate of Price*, 528 S.W.3d 591 (Tex. App.—Texarkana 2017, no pet.); *In re Estate of Treviño*, 195 S.W.3d 223 (Tex. App.—San Antonio 2006, no pet.). However, these cases did not address the exclusivity language in Section 11.401 regarding domestic entities. Accordingly, these authorities do not support Kathy's position.

As set forth below, Kathy's pleadings quoted language from the Business Organizations Code as the basis of her request for the appointment of a receiver.[3] Her reliance on the grounds set out in the Business Organizations Code in her pleadings is significant because appellate review of a receivership order focuses on whether the pleadings and evidence are sufficient to justify the receivership. *See Benefield*, 266 S.W.3d at 31.

Having determined that the receivership provisions in the Business Organizations Code govern the trial court's receivership order, we must next determine which provisions of the code apply to the trial court's receivership order. Marvin asserts that the trial court's receivership order creates a rehabilitative receivership under Section 11.404 because the order appoints a receiver for the partnership's property and business. *See* BUS. ORGS. § 11.404. Conversely, the trial court's conclusions of law cited Section 11.403 as a basis for the receivership. *See* BUS. ORGS. § 11.403. Section 11.403 is a receivership for specific property. Kathy and Holloway assert that the trial court's receivership order is properly characterized as a receivership for specific property under Section 11.403. As noted previously,

---

[3]Holloway asserted the same grounds in her amended pleading that joined Kathy's pleadings for the appointment of a receiver.

the characterization of the receivership order as a rehabilitative receivership under Section 11.404 or a receivership for specific property under Section 11.403 is significant from a jurisdictional standpoint because a rehabilitative receivership can only be ordered by a district court. *See* Bus. Orgs. § 11.402(b)(1).

In her pleading seeking the appointment of a receiver, Kathy quoted the language set out in 11.404(a)(1)(B) when she alleged that "[t]he governing persons of the partnership entity are deadlocked in the management of the entity's affairs, the owners or members of the entity are unable to break the deadlock, and irreparable injury to the partnership is being suffered or is threatened because of the deadlock." She further alleged that Marvin's actions as the governing person of the Hallmark Ranch partnership were "illegal and oppressive" and that Marvin had "misapplied or wasted" partnership property. *See* Bus. Orgs. § 11.404(a)(1)(C), (D). Thus, Kathy relied upon the grounds for a rehabilitative receiver under Section 11.404 in her application for a receiver. However, she also alleged that the property of the partnership was "in danger of being lost, removed or materially injured," which is a ground set out in Section 11.403(b)(1).

The trial court's Order Appointing Receiver provided that the receiver was to "[t]ake charge of all property owned by the Hallmark Ranch [partnership.]" Simply put, a receivership for all of an entity's property is not a receivership for specific property. *See Spiritas*, 459 S.W.3d at 235–36. Among other things, the receivership order directed the receiver to "[o]perate and conduct the business of Hallmark Ranch Partnership" by authorizing him to employ individuals, purchase goods and services, enter into grazing and hunting leases with the express requirement that the hunters obtain liability insurance naming the partnership as an additional insured, gather and care for the cattle of the Hallmark Ranch partnership, and take possession of all bank accounts for the partnership. Furthermore, the receivership order prohibited Marvin,

10

Kathy, and Holloway from interfering with the receiver's operation of the partnership, and the receiver was authorized to exclude them from the ranch.

We conclude that the receivership order's provisions make the receivership a rehabilitative receivership because they empower the receiver to control the partnership's "property *and business*." *See* BUS. ORGS. § 11.404(a) (emphasis added). A rehabilitative receivership is one that appoints a receiver "to conserve the property and business of the domestic entity and avoid damage to interested parties." *Id.* § 11.404(b)(1); *see Ritchie*, 443 S.W.3d at 877 n.32 (quoting Section 11.404(b)(1)). The trial court's receivership order creates a rehabilitative receivership because its provisions serve to conserve the property and business of the Hallmark Ranch partnership.

The trial court was without jurisdiction to consider Kathy's and Holloway's pleadings seeking a rehabilitative receivership under Section 11.404 because only a district court can appoint a receiver over all property and business of a domestic entity. *See* BUS. ORGS. § 11.402(b)(1). Furthermore, the trial court was without jurisdiction to enter a rehabilitative receivership order under Section 11.404. *See id.*

### *This Court's Ruling*

We reverse the judgment of the trial court and remand the cause to the trial court for further proceedings consistent with this opinion.

August 31, 2020                                              JOHN M. BAILEY

Panel consists of: Bailey, C.J.,                    CHIEF JUSTICE
Stretcher, J., and Wright, S.C.J.[4]

Willson, J., not participating.

---

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.